KRISTY V. RYCKMAN et al., Plaintiffs, v SCHLESSINGER-LEVI-POLATSCH-TYDINGS, M.D., P. C., et al., Defendants. (Action No. 1.) AMERICAN EMPIRE INSURANCE COMPANY et al., Respondents, v GERARD LEVI et al., Appellants, et al., Defendants. (Action No. 2.) [639 NYS2d 729]

It is well established that the question of whether to direct a joint trial rests with the sound discretion of the trial court. When there are common questions of law or fact, a joint trial is warranted unless the opposing party demonstrates prejudice to a substantial right *(see,* CPLR 602; *North Side Sav. Bank v Nyack Waterfront Assocs.,* 203 AD2d 439; *Heck v Waldbaum's Supermarkets,* 134 AD2d 568).

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion by directing a joint

604

trial only on the issue of the dates of the alleged negligence of the appellant doctors. This question of fact is common to both actions. In addition, the Supreme Court took adequate steps to ensure that the appellants would not be prejudiced by a long delay due to trying the actions together. O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.