■ KIM C. FRANSEN, Plaintiff, v BARBARA MANISCALCO, Respondent, LAURA M. GORMAN, Appellant, et al., Defendant. (Action No. 1.) JOSEPHINE SAN FILIPPO, Plaintiff, v BARBARA MANISCALCO, Respondent, and LAURA M. GORMAN, Appellant. (Action No. 2.) ALLSTATE INSURANCE COMPANY, as Subrogee of JOHN DONNELLY, Plaintiff, v BARBARA M. MANISCALCO, Respon-

dent, LAURA M. GORMAN, Appellant, et al., Defendant. (Action No. 3.) [681 NYS2d 310] —In three related actions to recover damages for personal injuries, the defendant Laura M. Gorman appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated January 26, 1998, which denied her motion to consolidate the actions.

Ordered that the order is reversed, with costs, the motion is granted, and the actions are consolidated under Nassau County Index No. 3762/96; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for the making of an order in its discretion setting a schedule for the expeditious completion of all discovery in the consolidated action.

The appellant moved to consolidate three actions which arose out of the same multi-vehicle collision. The Supreme Court, Nassau County, denied the motion because discovery in the Actions No. 2 and 3 had not yet been completed, while a note of issue had already been filed in the Action No. 1.

"Although a motion pursuant to CPLR 602 (a) to consolidate * * * pending actions is addressed to the sound discretion of the trial court * * * consolidation is favored by the courts as serving the interests of justice and judicial economy * * * The motion to consolidate should be granted unless the opposing party succeeds in demonstrating prejudice to a substantial right" (*Zupich v Flushing Hosp. & Med. Ctr.,* 156 AD2d 677; *see, Ryckman v Schlessinger-Levi-Polatsch-Tydings,* 225 AD2d 603). The potential delay in the trial of Action No. 1 pending completion of discovery in the two related actions will not cause prejudice sufficient to justify denial of the appellant's consolidation motion (*see, Moretti v 860 W. Tower,* 221 AD2d 191; *Raboy v McCrory Corp.,* 210 AD2d 145). The Supreme Court can take adequate steps to insure that discovery in the two related actions is expeditiously completed (*see, Zupich v Flushing Hosp. & Med. Ctr., supra; Ryckman v Schlessinger-Levi-Polatsch-Tydings, supra*). Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.