■ EILEEN GLUSSI et al., Respondents, v FORTUNE BRANDS, INC., Formerly Known as AMERICAN BRANDS, INC., et al., Appellants, et al., Defendants. (Action No. 1.) JEFFREY DAVIS et al., Respondents, v AMERICAN TOBACCO COMPANY et al., Appellants. (Action No. 2.) BONNIE APOSTOLOU et al., Respondents, v AMERICAN TOBACCO COMPANY et al., Appellants. (Action No. 3.) ALFRED ANASTASI et al., Respondents, v LORILLARD TOBACCO COMPANY et al., Appellants. (Action No. 4.) MARY SHEARD et al., Respondents, v AMERICAN TOBACCO COMPANY et al., Appellants. (Action No. 5.) LORRAINE SPRUNG et al., Respondents, v AMERICAN TOBACCO COMPANY et al., Appellants. (Action No. 6.) ALLEN LITMAN et al., Respondents, v AMERICAN TOBACCO COMPANY et al., Appellants. (Action No. 7.) ANTOINETTE PAPALEO et al., Respondents, v AMERICAN TOBACCO COMPANY et al., Appellants. (Action No. 8.) [714 NYS2d 516] —In related actions, *inter alia,* to recover damages for personal injuries, the defendants Fortune Brands, Inc., f/k/a American Brands, Inc., Brown & Williamson Industries, Inc., Brown & Williamson Tobacco Corporation, individually and as successor by merger to the American Tobacco Company, Lorillard Inc., Lorillard Tobacco

Company, Philip Morris Incorporated, RJR Nabisco, Inc., R.J. Reynolds Tobacco Company, R.J. Reynolds Tobacco Holding, Inc. (f/k/a RJR Nabisco, Inc.), the Tobacco Institute, Inc., and the Council for Tobacco Research-U.S.A., Inc., appeal from an order of the Supreme Court, Kings County, dated June 2, 2000, which granted the plaintiffs' motion for a joint trial.

Ordered that the order is reversed, with one bill of costs, and the motion is denied.

It is well settled that a motion seeking a joint trial pursuant to CPLR 602 (a) rests within the sound discretion of the trial court (*see, J & A Vending v J.A.M. Vending,* 268 AD2d 505; *Mattia v Food Emporium,* 259 AD2d 527; *Fransen v Maniscalco,* 256 AD2d 305, 306) and, absent prejudice, may be granted in the interest of judicial economy where common issues of law or fact exist (*see, Rahman v Miller,* 257 AD2d 654; *Fransen v Maniscalco, supra,* at 306).

However, where prejudice to a substantial right is shown by the party opposing the motion, a joint trial should not be granted even if common issues of law or fact exist (*see, D'Abreau v American Bankers Ins. Co.,* 261 AD2d 501; *Stephens v Allstate Ins. Co.,* 185 AD2d 338).

Here, despite the presence of some common issues of law and fact shared by these actions, the particular circumstances surrounding each plaintiff's smoking history, as well as their medical history, renders a joint trial impractical and unwieldy (*see, Bender v Underwood,* 93 AD2d 747, 748; *Korren v Eli Lilly & Co.,* 150 Misc 2d 429, 431-432; *see also, Small v Lorillard Tobacco Co.,* 252 AD2d 1, *affd* 94 NY2d 43). In addition, "the resulting and cumulative prejudice to [the defendants] by permitting the jury, in one trial, to determine the multiple claims * * * at issue here, far outweighs the benefit derived from the conduct of a joint trial" (*Bender v Underwood, supra,* at 748; *see also, Korren v Eli Lilly & Co., supra,* at 432; *Insolia v Philip Morris Inc.,* 186 FRD 547, 551; *Hasman v Searle & Co.,* 106 FRD 459, 460). Thus, the order appealed from was an improvident exercise of discretion. Bracken, J. P., Thompson, Altman and McGinity, JJ., concur.