▮ STATE OF NEW YORK et al., Plaintiffs, v CLARK E. McLEOD, Defendant. McLEODUSA, INCORPORATED, Intervenor-Appellant;

ELIOT SPITZER, as Attorney General of the State of New York, Respondent. [845 NYS2d 29]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered October 30, 2006, which, to the extent appealed from, denied the motion of intervenor McLeodUSA, Inc. (McLeodUSA) to intervene, unanimously affirmed, without costs.

The New York State Attorney General commenced this action against, inter alia, defendant in 2002 alleging that he violated article 22-A of the General Business Law ("Deceptive Acts and Practices"), article 23-A of the General Business Law (Martin Act) and Executive Law § 63 (12) based on his involvement in a "stock-spinning scheme." The parties ultimately entered into a settlement agreement pursuant to which defendant agreed to pay the sum of $4.4 million and the action was discontinued with prejudice. Pursuant to the agreement, the settlement amount was to be distributed to "New York law schools and/or not-for-profit entities" selected by the Attorney General. Following the execution of the settlement agreement, McLeodUSA, an entity founded by defendant, moved to intervene on the basis that it was a victim of defendant's fraudulent practices and was entitled to recover its property from the settlement funds.

The motion court appropriately denied the application because contrary to McLeodUSA's position, nothing in General Business Law § 353-a bestows upon any particular individual or entity "an absolute right to intervene" (CPLR 1012 [a] [1]), but merely sets forth the appointment of a receiver as among the remedies that a court may grant and what it may direct a receiver to do. Although General Business Law § 353-a contemplates the possibility of having a receiver designated, it does not mandate that one be appointed, and the court did not name a receiver to distribute the settlement funds in the present matter. Indeed, when the Attorney General is authorized by statute to institute an action, the exercise of such authority is not subject to judicial review, and accordingly, the exercise of the Attorney General's discretion in this matter not to appoint a receiver is not subject to judicial review and intervention (*People v Bunge Corp.*, 25 NY2d 91, 97-99 [1969]). Furthermore, there has been no judicial determination that the settlement money actually constituted disgorged funds in the form of "property

derived by the defendant . . . by means of any such fraudulent practices" (General Business Law § 353-a), and allowing intervention in this settled action would be improper since "[i]ntervention is a device to allow judicial economies, rather than a technique to permit already-litigated cases to transmute into new cases based on different facts and legal theories that were not adjudicated in the underlying action" (*Jiggetts v Dowling*, 21 AD3d 178, 181 [2005], *lv dismissed* 6 NY3d 807 [2006]).

We have considered McLeodUSA's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Sullivan, Gonzalez and Sweeny, JJ.