██ In the Matter of LONG ISLAND INDUSTRIALS GROUP, Respondent, v BOARD OF ASSESSORS et al., Appellants. [900 NYS2d 128]—

In six consolidated proceedings pursuant to Real Property Tax Law article 7 to review tax assessments, the Board of Assessors and Board of Assessment Review of Nassau County appeal, as limited by their brief, from so much of an amended order of the Supreme Court, Nassau County (Bucaria, J.), dated January 29, 2009, as granted the petitioner's motion to consolidate the proceedings and precluded them from producing expert testimony on the issue of valuation for the 2004/2005, 2005/2006, 2006/2007, 2007/2008, and 2008/2009 tax years at the consolidated trial.

Ordered that the amended order is modified, on the law, by deleting the provision thereof precluding the Board of Assessors and Board of Assessment Review of Nassau County from producing expert testimony on the issue of valuation for the 2004/2005, 2005/2006, 2006/2007, 2007/2008, and 2008/2009 tax years at the consolidated trial; as so modified, the amended order is affirmed insofar as appealed from, with costs to the appellants.

In April 2003 the petitioner commenced a tax certiorari proceeding to review the 2003/2004 assessment of its investment property made by the Board of Assessors of Nassau County and upheld by the Assessment Review Commission of Nassau County (hereinafter together the County). Each of the next five years thereafter, the petitioner commenced proceedings to review the assessment for that tax year. In 2006, the petitioner filed a note of issue on the 2003/04 proceeding and obtained a calendar number. The matter was assigned a court-ordered appraisal exchange date of July 22, 2008. The County defaulted in serving an appraisal by that date. "Trial by inquest" was scheduled for November 24, 2008. On August 21, 2008, the petitioner provided the required statements of income and expense and filed notes of issue for the 2004/2005 through 2008/2009 tax years.

The petitioner then moved to consolidate the six proceedings for trial. The Supreme Court granted consolidation in an amended order dated January 29, 2009, and precluded the County from producing expert testimony on valuation at the consolidated trial, due to its default in serving an appraisal in the first proceeding. The County appeals.

Insofar as the County's appeal can be construed as challenging the consolidation of the proceedings, consolidation was proper. Where "the same grounds of review are asserted and a common question of law or fact is presented," the trial court may consolidate proceedings in its discretion (RPTL 710; *see* CPLR 602 [a]). Under the applicable court rules, consolidation is conditioned solely upon service having been made of the income and expense statements for each tax year under review (*see* 22 NYCRR 202.59 [f]). The court granted the petitioner's motion for consolidation after income and expense statements for each tax year had been served. Insofar as the County challenges the adequacy of the income and expense statements, the court cannot meaningfully review that contention since the statements have not been included in the record on appeal (*see* CPLR 5526; *Campos v Ofman*, 49 AD3d 485 [2008]; *Levi v Levi*, 46 AD3d 519 [2007]).

However, the Supreme Court erred in precluding the County from producing expert testimony on the issue of valuation for the 2004/2005 through 2008/2009 tax years. Any party who fails to serve an appraisal report by a court-ordered appraisal exchange date is precluded from offering expert testimony on value, unless such default is excused by the court upon application and good cause shown (*see* 22 NYCRR 202.59 [h]; *Matter of R.J. Taylor Bldrs. v City of Saratoga Springs Bd. of Assessment Review*, 263 AD2d 829 [1999]). The County failed to serve an appraisal by the July 22, 2008, exchange date set in the 2003/2004 proceeding, and does not challenge the preclusion of expert testimony on valuation for that proceeding.

However, the County is correct that its failure to file an appraisal by the exchange date set in the 2003/2004 proceeding is not a default in the later proceedings. The proceedings could not be consolidated until after the income and expense statements were filed in August 2008 (*see* 22 NYCRR 202.59 [f]). Moreover, exchange dates for appraisals are to be ordered after the notes of issue are filed (*see* 22 NYCRR 202.59 [e] [1]). Accordingly, the July 22, 2008, exchange date directed in the 2003/2004 proceeding did not apply to the proceedings for the later tax years.

Where the Supreme Court does not set an exchange date, the parties must submit appraisals at least 10 days before trial (*see* 22 NYCRR 202.59 [e] [1] [i]). Should the County serve appraisals for the 2004/2005, 2005/2006, 2006/2007, 2007/2008, and 2008/2009 tax years by that date, or any such earlier date to be set by the Supreme Court, it should not be precluded from offering expert testimony on valuation as to those tax years. In

such event, such testimony may be proffered at the consolidated trial, and considered by the court solely on the petitioner's challenges to the assessments for those tax years. Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.