■ ANTHONY ALIZIO, Plaintiff, v PETER ROBERT PERPIGNANO et al., Defendants. (Action No. 1.) P.J. ALIZIO REALTY, INC., Plaintiff, v LILLIAN EISENBERG et al., Defendants. (And a Third-Party Action.) (Action No. 2.) IRVING EISENBERG, Plaintiff, v P.J. ALIZIO, INC., et al., Defendants. (Action No. 3.) ANTHONY ALIZIO, Plaintiff, v GREGORY RONAN et al., Defendants. (Action No. 4.) IRVING EISENBERG, Plaintiff, v P.J. ALIZIO, INC., et al., Defendants. (Action No. 5.) OCEANVIEW REALTY, LLC, et al., Appellants, v ANTHONY ALIZIO et al., Respondents, et al., Defendants. (Action No. 6.) [912 NYS2d 132]—

In related actions, inter alia, to recover damages for fraud and breach of contract (action No. 6), the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), entered October 1, 2009, which granted those branches of the motion of the defendant Anthony Alizio, joined by the defendants Joseph Alizio and Lillian Eisenberg, as administrator of the estate of Irving Eisenberg, which were pursuant to CPLR 602 (a) to transfer the venue of this action from Queens County to Nassau County and thereupon to join for trial this action with an action entitled *Alizio v Perpignano* (action No. 1), pending in the Supreme Court, Nassau County, under index No. 19181/03, and four related actions (action Nos. 2, 3, 4 and 5) also pending in the Supreme Court, Nassau County, all of which had previously been joined for trial.

Ordered that the order is affirmed, with one bill of costs payable by the appellants to the respondents.

Initially, we note that the defendant Anthony Alizio (hereinafter the defendant) moved in action No. 6, inter alia, for an order "consolidating and/or joining" the instant action with certain actions pending in the Supreme Court, Nassau County, which had previously been joined for trial, and the Supreme Court granted the branch of the motion which was for a joint trial, rather than the alternative branch which was for consolidation. In the order appealed from, the Supreme Court left each of the actions intact and did not completely consolidate them into a

single action under a single caption (*see generally Mascioni v Consolidated R. R. Corp.*, 94 AD2d 738, 739 [1983]; *Brian Wallach Agency v Bank of N.Y.*, 75 AD2d 878, 879 [1980]; *Padilla v Greyhound Lines*, 29 AD2d 495, 497 [1968]; *see also* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C602:2).

"[A] motion seeking a joint trial pursuant to CPLR 602 (a) rests within the sound discretion of the trial court" (*Glussi v Fortune Brands*, 276 AD2d 586, 587 [2000]; *see J & A Vending v Eagle & Fein*, 268 AD2d 505, 506 [2000]). When there are common questions of law or fact, a joint trial is warranted unless the opposing party demonstrates prejudice to a substantial right (*see Pierre-Louis v DeLonghi Am., Inc.*, 66 AD3d 855, 856 [2009]; *Glussi v Fortune Brands*, 276 AD2d at 587; *Ryckman v Schlessinger-Levi-Polatsch-Tydings*, 225 AD2d 603 [1996]).

Here, the Supreme Court did not improvidently exercise its discretion in granting that branch of Anthony Alizio's motion which was for a joint trial because the several actions involve common questions of law and fact. Therefore, the interests of justice and judicial economy would be served by a joint trial (*see Glussi v Fortune Brands*, 276 AD2d at 587; *J & A Vending v Eagle & Fein*, 268 AD2d at 506). Furthermore, the plaintiffs' unsubstantiated claim that a joint trial would be "unwieldy" was not sufficient to satisfy the burden of demonstrating prejudice to a substantial right (*see Whiteman v Parsons Transp. Group of N.Y., Inc.*, 72 AD3d 677, 678 [2010]; *Perini Corp. v WDF, Inc.*, 33 AD3d 605, 606 [2006]).

The plaintiffs' remaining contention is without merit. Covello, J.P., Dickerson, Belen and Lott, JJ., concur.