In the Matter of PITRAM BINDRA, Respondent, v BOARD OF ASSESSORS et al., Appellants. [916 NYS2d 523]—

In a consolidated proceeding pursuant to Real Property Tax Law article 7 to review the tax assessments of the petitioner's real property for tax years 2003/2004 through 2008/2009, the

appeal, as limited by the appellants' brief, is from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Adams, J.), entered June 16, 2009, as granted the petitioner's application to consolidate the proceedings related to the 2003/2004 and 2004/2005 tax years with the proceedings related to the 2005/2006, 2006/2007, 2007/2008, and 2008/2009 tax years, respectively, and granted the petitions with respect to the 2005/2006, 2006/2007, 2007/2008, and 2008/2009 tax years.

Ordered that the order and judgment is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, the application is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the petitions with respect to the 2005/2006, 2006/2007, 2007/2008, and 2008/2009 tax years.

This appeal concerns the tax assessments for four years relating to the petitioner's parcel of property at 120 New Hyde Park Road, New Hyde Park, in Nassau County. In the middle of the trial on the proceedings related to tax years 2003/2004 and 2004/2005, the petitioner made an application to consolidate those proceedings with the four proceedings related to tax years 2005/2006, 2006/2007, 2007/2008, and 2008/2009. Although the petitioner had filed the notes of issue and certificates of readiness with respect to those latter four tax years only eight days before trial, the Supreme Court granted the application.

By granting the midtrial application under these circumstances, the Supreme Court deprived the County of its opportunity to request an audit and exchange appraisals (*see* 22 NYCRR 202.59). Consequently, we find that the Supreme Court improvidently exercised its discretion in granting the petitioner's midtrial request to consolidate the proceedings (*cf. Matter of Long Is. Indus. Group v Board of Assessors*, 72 AD3d 1090 [2010]). Accordingly, we reverse the order and judgment appealed from insofar as it granted the application to consolidate and granted the petitions with respect to the 2005/2006, 2006/2007, 2007/2008, and 2008/2009 tax years, and we remit the matter to the Supreme Court, Nassau County, for further proceedings on those petitions. Covello, J.P., Balkin, Austin and Roman, JJ., concur.