■ DANIEL F. ROSSIGNOL, Individually and as a Member of DR2 & COMPANY, LLC, Suing in the Right of DR2 & COMPANY,

LLC, Appellant, v Dolores M. Rossignol et al., Respondents. (And Another Related Action.) [918 NYS2d 631]—

Rose, J.

After 24 years of marriage, defendant Dolores M. Rossignol (hereinafter the wife) commenced an action for divorce against plaintiff (hereinafter the husband). For purposes of equitable distribution, their major asset is dr2 & Company, LLC (hereinafter the LLC), a McDonald's restaurant operating company formed by the parties during their marriage. During the course of the divorce action, Supreme Court entered an order restraining the husband from accessing any funds in the marital or business banking accounts, fixed the date of commencement of the action as the valuation date of the LLC and denied the husband's request to liquidate and sell the LLC. In response, the husband commenced an action for dissolution of the LLC under the terms of the operating agreement and the Limited Liability Company Law. On the consent of the parties, Supreme Court ordered the actions to be "joined and consolidated for trial," and the wife then moved to dismiss the second action on the ground that, among other things, there was another action pending between the same parties and involving the same issues. Supreme Court granted the motion pursuant to CPLR 3211 (a) (4) without prejudice to recommencement if any issues remained beyond the reach of the divorce action. The husband appeals.

Initially, we reject the husband's contention that dismissal of the second action is precluded by the consolidation. A true, organic consolidation did not occur here. Rather, Supreme Court joined the actions for trial, keeping the individual actions intact and subject to separate resolution (*see* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C602:2; *see e.g. Matter of Blanchard v Blanchard*, 304 AD2d 1048, 1048 [2003]; *Rielly v Naftal*, 300 AD2d 811, 812 [2002]).

Next, the husband contends that the second action does not seek substantially the same relief as the divorce action. Again, we must disagree. Pursuant to Domestic Relations Law § 234, Supreme Court is empowered to determine all issues with respect to the property owned by the parties (*see Ripp v Ripp*, 38 AD2d 65, 67 [1971], *affd for reasons stated below* 32 NY2d 755

[1973]). Indeed, "[t]he courts and the parties should ordinarily be able to plan for the resolution of all issues relating to the marriage relationship in the single [matrimonial] action" (*Boronow v Boronow*, 71 NY2d 284, 290 [1988]). Inasmuch as the husband and wife are the only owners of the LLC, and both are parties to the divorce action, we see no reason why any issues should be left for resolution after equitable distribution of the parties' property. Given the availability of complete relief pursuant to Domestic Relations Law § 234 and our public policy of resolving equitable distribution within the context of a divorce action (*see O'Connell v Corcoran*, 1 NY3d 179, 185 [2003]; *St. John v St. John*, 201 AD2d 552, 552-553 [1994]; *Karasik v Karasik*, 172 AD2d 294, 294 [1991]), we conclude that dismissal of the second action was within Supreme Court's broad discretion pursuant to CPLR 3211 (a) (4) (*see Whitney v Whitney*, 57 NY2d 731, 732 [1982]; *Mann v Malasky*, 41 AD3d 1136, 1137-1138 [2007]; *Matter of Aaron*, 232 AD2d 758, 759-760 [1996]).

Peters, J.P., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.