■ Marianne Sample, Appellant, v Alexander Temkin et al., Respondents. [928 NYS2d 757]—

On August 28, 2005, a vehicle owned and operated by Marianne Sample (hereinafter the appellant) collided with a vehicle owned by Exclusive Ambulette Service, Inc., and operated by Alexander Temkin (hereinafter together the ambulette defendants). The appellant commenced this action (hereinafter the Sample action) against the ambulette defendants to recover damages for personal injuries and property damage to her vehicle. Subsequently, Tsilya Gleyzer and Izya Kneper, Gleyzer's husband, commenced a separate action (hereinafter the Gleyzer action) against the appellant and the ambulette defendants to

recover damages for personal injuries they allegedly sustained as passengers in the ambulette defendants' vehicle at the time of the collision. By order dated June 6, 2007, the Supreme Court joined the actions for trial.

Kneper died in July 2008, and no legal representative was substituted for him in the Gleyzer action prior to trial. In July 2009, during the joint trial, the parties were advised of Kneper's death. A settlement agreement was reached with respect to the Gleyzer action, but the appellant rejected a settlement offer with respect to the Sample action. Thereafter, the jury returned a verdict in the Sample action in favor of the ambulette defendants and against the appellant on the issue of liability, finding that the appellant's negligence was the sole proximate cause of the accident.

Approximately five months after the jury returned its verdict in the Sample action, the appellant moved to set aside the verdict on the ground that because no representative had been substituted for Kneper at the time the verdict was returned, Kneper's death had rendered the verdict a nullity. The Supreme Court denied the appellant's motion, and we affirm.

Contrary to the appellant's contention, the verdict in the Sample action was not rendered a nullity by virtue of the fact that no representative was substituted for Kneper, a plaintiff in the Gleyzer action, at the time the verdict was returned. Kneper was not a party in the Sample action, and although the actions were joined for trial, they were not consolidated into a single action (see CPLR 602 [a]; Alizio v Perpignano, 78 AD3d 1087, 1087-1088 [2010]). "A joint trial preserves the integrity of the several actions, requires a separate decision or verdict, as the case may be, and several judgments, with the costs of the particular action in each case" (Bank of N.Y. v Rodgers, 40 AD2d 777, 778 [1972]; see Padilla v Greyhound Lines, 29 AD2d 495, 497 [1968]; see also Alizio v Perpignano, 78 AD3d at 1087-1088; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C602:2). Thus, although "[t]he death of a party divests the court of jurisdiction to conduct proceedings in an action, the action is stayed as to him or her pending substitution of a legal representative, and any determination rendered without such a substitution is generally deemed a nullity" (Stancu v Cheon Hyang Oh, 74 AD3d 1322, 1322-1323 [2010]; see CPLR 1015, 1021; Manto v Cerbone, 71 AD3d 1099, 1100 [2010]; Reed v Grossi, 59 AD3d 509, 511 [2009]; Hicks v Jeffrey, 304 AD2d 618 [2003]), Kneper's death did not divest the court of jurisdiction to conduct proceedings in the Sample action because Kneper was not a party in the Sample action, and the

verdict which the appellant seeks to set aside was not returned in the Gleyzer action, the action in which Kneper was a party. Accordingly, the Supreme Court properly denied the appellant's motion to set aside the verdict in the Sample action.

In light of our determination, we need not reach the parties' remaining contentions. Rivera, J.P., Covello, Florio and Lott, JJ., concur.