(February 7, 2012)

■ AMERICAN HOME MORTGAGE SERVICING, INC., Respondent, v WILLIAM SHARROCKS et al., Defendants. MARGARET J. OROSZ, Nonparty Appellant. [938 NYS2d 202]—

On February 8, 2008, the nonparty appellant, Margaret J. Orosz (hereinafter the appellant), was awarded judgment against her brother and her brother's wife in the principal sum of $1,993,003.01 in a breach of contract action. As a result of the judgment, a lien was placed on real property apparently owned by the appellant's brother and located in Armonk. After a series of transfers, the subject property was transferred to William Sharrocks, who, in 2005 and 2006, obtained loans in exchange for three mortgages on the subject property, which were consolidated in October 2006. After Sharrocks defaulted on the consolidated mortgage loans, the plaintiff mortgagee commenced the instant foreclosure action in December 2007. Subsequently, in January 2009, the appellant commenced an action (hereinafter the fraudulent conveyance action) against,

among others, her brother, Sharrocks, and the plaintiff in the instant action, alleging that the serial conveyances of and mortgages on the subject property were fraudulent. The appellant also filed a notice of pendency against the subject property. In April 2010 the appellant moved in the instant foreclosure action, inter alia, pursuant to CPLR 1012 (a) (3) or 1013 for leave to intervene, to consolidate the instant action and the fraudulent conveyance action, and to stay the foreclosure sale of the subject property pending the resolution of the fraudulent conveyance action.

CPLR 1013 provides that a court has discretion to permit a person to intervene, inter alia, when the person's claim or defense and the main action have a common question of law or fact (see CPLR 1013). In exercising its discretion under CPLR 1013, "the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party" (Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677 [2010]; see CPLR 1013).

In her proposed verified answer in the instant action, the appellant interposed affirmative defenses asserting, inter alia, that "Sharrocks took the subject property as a party to a fraudulent conveyance, and lacked right, title, interest and authority to encumber the subject real property," that "[t]he subject mortgages to Defendant Sharrocks were fraudulently made and void ab initio," and that she "has a superior lien on the subject property and is entitled to the proceeds of any sale of the subject property." As such, there are common questions of law and fact pertaining to the validity of Sharrocks's mortgages in the instant foreclosure action and the fraudulent conveyance action. In addition, the appellant demonstrated a real and substantial interest in the outcome of the foreclosure proceedings (see Wells Fargo Bank, N.A. v McLean, 70 AD3d 676 [2010]; Berkoski v Board of Trustees of Inc. Vil. of Southampton, 67 AD3d 840, 843-844 [2009]; Matter of Bernstein v Feiner, 43 AD3d 1161, 1162 [2007]; County of Westchester v Department of Health of State of N.Y., 229 AD2d 460, 461 [1996]). Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was for leave to intervene pursuant to CPLR 1013.

"Whether intervention is sought as a matter of right under CPLR 1012 (a), or as a matter of discretion under CPLR 1013, is of little practical significance since a timely motion for leave to intervene should be granted, in either event, where the intervenor has a real and substantial interest in the outcome of the proceedings" (Wells Fargo Bank, N.A. v McLean, 70 AD3d

at 676- 677; *see Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840, 843 [2009]; *Sieger v Sieger*, 297 AD2d 33, 35-36 [2002]; *Perl v Aspromonte Realty Corp.*, 143 AD2d 824 [1988]). In light of our determination that intervention was warranted pursuant to CPLR 1013, we need not determine whether intervention should have been permitted as of right under CPLR 1012 (a).

A motion to consolidate two or more actions rests within the sound discretion of the trial court (*see* CPLR 602; *Matter of Long Is. Indus. Group v Board of Assessors*, 72 AD3d 1090, 1091 [2010]; *North Side Sav. Bank v Nyack Waterfront Assoc.*, 203 AD2d 439 [1994]). Where common questions of law or fact exist, consolidation is warranted unless the opposing party demonstrates prejudice to a substantial right (*see Alizio v Perpignano*, 78 AD3d 1087, 1088 [2010]; *Pierre-Louis v DeLonghi Am., Inc.*, 66 AD3d 855, 856 [2009]; *Glussi v Fortune Brands*, 276 AD2d 586 [2000]).

In the fraudulent conveyance action, the appellant alleged that the conveyances and mortgages that underlie the instant foreclosure action were fraudulent. Consequently, the subject matter of the instant foreclosure action and the fraudulent conveyance action share common questions of law and fact, warranting consolidation of the two actions (*see Lorber v Morovati*, 83 AD3d 799 [2011]; *Alizio v Perpignano*, 78 AD3d at 1088; *Ryckman v Schlessinger-Levi-Polatsch-Tydings*, 225 AD2d 603 [1996]). Moreover, the plaintiff has not shown how it would be prejudiced by consolidation of the two actions. The plaintiff is a party to both actions, and the validity of any foreclosure sale it enters into will ultimately be contingent on the outcome of the fraudulent conveyance action. Thus, the Supreme Court should have granted that branch of the appellant's motion which was to consolidate this foreclosure action and the fraudulent conveyance action (*see Matter of Long Is. Indus. Group v Board of Assessors*, 72 AD3d at 1091; *Viafax Corp. v Citicorp Leasing, Inc.*, 54 AD3d 846, 850 [2008]; *Ryckman v Schlessinger-Levi-Polatsch-Tydings*, 225 AD2d 603 [1996]; *North Side Sav. Bank v Nyack Waterfront Assoc.*, 203 AD2d 439 [1994]).

In light of our determination consolidating the mortgage foreclosure action and the fraudulent conveyance action, the Supreme Court is now obligated to determine the allegations of fraudulent conveyance before entering any judgment in the consolidated action, including any judgment of foreclosure and sale, if warranted. Hence, there is no need to stay the foreclosure and sale pending resolution of the fraudulent conveyance action, and that branch of the appellant's motion which was for

such a stay must be denied as unnecessary. Angiolillo, J.P., Dickerson, Belen and Austin, JJ., concur.