In an action, inter alia, to recover damages for fraud and breach of contract, and to set aside a mortgage, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated January 20, 2012, as denied those branches of their cross motion which were for a change of venue to Ulster County, to join this action for trial with an action entitled Kodsi v Scotto, pending in the Supreme Court, Ulster County, under index No. 11-3559, and, in effect, to strike the complaint or, in the alternative, to preclude the plaintiffs from presenting certain evidence based on the plaintiffs’ alleged failure to comply with a preliminary conference order dated September 13, 2010.
Ordered that the order dated January 20, 2012, is modified, on the law and in the exercise of discretion, by deleting the provisions thereof denying those branches of the defendants’ cross motion which were for a change of venue to Ulster County and to join this action for trial with the action entitled Kodsi v Scotto, pending in the Supreme Court, Ulster County, under index No. 11-3559, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order dated January 20, 2012, is affirmed insofar as appealed from, with costs to the defendants, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Ulster County, all papers filed in this action, and certified copies of all minutes and entries.
In or about August 2005, the defendant Robert Kodsi (hereinafter Robert) entered into a contract to sell certain real property in Ulster County to the plaintiffs. The plaintiffs executed a purchase money mortgage in favor of Robert. The closing occurred in September 2006. The plaintiffs made their mortgage payments for some time without issue, but, at some point, they allegedly defaulted on their mortgage obligation. The plaintiffs commenced this action in 2009 in the Supreme Court, Kings *948 County, seeking, inter alia, to recover damages for fraud and breach of contract, and to set aside the mortgage. Thereafter, the defendants commenced a mortgage foreclosure action entitled Kodsi v Scotto in the Supreme Court, Ulster County, under index No. 11-3559, in connection with the subject property. In this action, the defendants cross-moved to join this action for trial with the mortgage foreclosure action pending in Ulster County, and for a change of venue to Ulster County. Additionally, the defendants cross-moved, in effect, to strike the complaint or, in the alternative, to preclude the plaintiffs from offering certain evidence at trial, based on the plaintiffs’ alleged failure to comply with a preliminary conference order dated September 13, 2010. In the order appealed from, the Supreme Court, among other things, denied those branches of the cross motion which were for a change of venue and to join this action for trial with the mortgage foreclosure action pending in Ulster County. The defendants appeal.
A motion to consolidate or join for trial two or more actions “rests within the sound discretion of the trial court” (American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d 620, 622 [2012]; see CPLR 602; Matter of Long Is. Indus. Group v Board of Assessors, 72 AD3d 1090, 1091 [2010]; North Side Sav. Bank v Nyack Waterfront Assoc., 203 AD2d 439 [1994]). Where common questions of law or fact exist, consolidation or a joint trial is warranted, “unless the opposing party demonstrates prejudice to a substantial right” (American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d at 622; see Alizio v Perpignano, 78 AD3d 1087, 1088 [2010]; Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 855, 856 [2009]; Glussi v Fortune Brands, 276 AD2d 586 [2000]). Additionally, consolidation or a joint trial is appropriate “where it will avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts” (Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d 846, 850 [2008]; see Best Price Jewelers.Com, Inc. v Internet Data Stor. & Sys., Inc., 51 AD3d 839, 839 [2008]).
Here, both actions arise from the same transaction, concern the same parties, and involve common questions of law and fact (see Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d at 850). Furthermore, the plaintiffs failed to demonstrate that consolidation or a joint trial would result in prejudice to a substantial right (see id.). Accordingly, under the circumstances of this case, the Supreme Court should have granted that branch of the defendants’ cross motion which was to join this action for trial with the mortgage foreclosure action pending in the Supreme *949 Court, Ulster County (see GAM Prop. Corp. v Sorrento Lactalis, Inc., 41 AD3d 645, 646 [2007]). Moreover, since this action, inter alia, to set aside a mortgage, when joined for trial with the mortgage foreclosure action in Ulster County, will “affect the title to, or the possession, use or enjoyment of, real property” (CPLR 507), the mandatory venue provisions of CPLR 507 require that the place of trial must be in Ulster County, where the subject real property is situated (see GAM Prop. Corp. v Sorrento Lactalis, Inc., 41 AD3d at 646).
The defendants’ argument that the Supreme Court should have compelled the plaintiffs to serve an amended bill of particulars more responsive to their demand was improperly raised for the first time in their reply papers before the Supreme Court (see Yechieli v Glissen Chem. Co., Inc., 40 AD3d 988, 989 [2007]; see also Crummell v Avis Rent A Car Sys., Inc., 62 AD3d 825, 826 [2009]; Smith v County of Suffolk, 61 AD3d 743, 743 [2009]). Under the circumstances of this case, this Court will not consider the argument (see Yechieli v Glissen Chem. Co., Inc., 40 AD3d at 989).
The plaintiffs’ request for certain affirmative relief is not properly before this Court, as they failed to file a cross appeal (see Liberty Mut. Fire Ins. Co. v National Cas. Co., 90 AD3d 859, 861 [2011]).
The plaintiffs’ remaining contentions are either improperly raised for the first time on appeal or without merit. Angiolillo, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.