In a guardianship proceeding pursuant to Mental Hygiene Law article 81, in which Vera Institute of Justice, Inc., Guardianship Project was appointed as guardian for the personal needs and property management of Joseph J., an incapacitated person, nonparty Rite Capital Group, LLC, appeals from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated September 13, 2012, which granted that branch of the guardian’s motion which was to consolidate the guardianship proceeding with an action entitled J. (Anonymous) v J. (Anonymous), pending in the Supreme Court, Kings County, under index No. 18255/08, an action entitled Sterling Real Estate Holding, LLC v 293 Adelphi, LLC, pending in the same *1005 court under index No. 30375/08, and an action entitled J. (Anonymous) v J. (Anonymous), pending in the same court under index No. 16535/10 and, in effect, thereupon granted that branch of the guardian’s motion which was to assign the consolidated matter to Justice Baily-Schiffman in the Supreme Court, Kings County.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, that branch of the guardian’s motion which was to consolidate the guardianship proceeding with an action entitled J. (Anonymous) v J. (Anonymous), pending in the Supreme Court, Kings County, under index No. 18255/ 08, an action pending in the same court entitled Sterling Real Estate Holding, LLC v 293 Adelphi, LLC, under index No. 30375/08, and an action pending in the same court entitled J. (Anonymous) v J. (Anonymous), under index No. 16535/10, is granted only to the extent of directing a joint trial of the three actions, that branch of the guardian’s motion which was to assign the consolidated matter to Justice Baily-Schiffman in the Supreme Court, Kings County, is denied as academic, and a related order of the same court dated July 10, 2012, directing a joint trial of the guardianship proceeding and the three actions, is vacated.
In May 2006, Joseph J. conveyed title to the real property where he lived to 293 Adelphi, LLC (hereinafter 293 Adelphi). Joseph, an 82-year-old suffering from dementia, allegedly was persuaded by his daughter Judy to transfer title to the property to 293 Adelphi, and, on the same date, to execute a mortgage on the property in his capacity as managing member of 293 Adelphi. In October 2007, Judy allegedly held herself out as managing member of 293 Adelphi in order to execute a mortgage on the property in favor of Rite Capital Group, LLC (hereinafter Rite Capital), without Joseph’s knowledge or authorization, and personally retained the loan proceeds.
In June 2008, Joseph and 293 Adelphi commenced an action to quiet title against, among others, Judy and Rite Capital, alleging that Judy lacked authority to execute the mortgage in favor of Rite Capital, and that Rite Capital was not a holder in due course of a mortgage on the property. In November 2008, Rite Capital and its successor in interest commenced a mortgage foreclosure action against, among others, Joseph and 293 Adelphi. In June 2010, Joseph and 293 Adelphi commenced another action to quiet title, raising the same allegations as in their previous action. In August 2011, another daughter of Joseph commenced a guardianship proceeding, seeking the appointment of a guardian for Joseph’s personal needs and prop *1006 erty management. In February 2012, the Supreme Court adjudged Joseph an incapacitated person, and appointed as his guardian the Vera Institute of Justice, Inc., Guardianship Project (hereinafter the guardian).
In an order dated July 10, 2012, the Supreme Court granted a motion, made in the guardianship proceeding, to conduct a joint trial of that proceeding, the foreclosure action, and the actions to quiet title. On that same date, the guardian moved, inter alia, to consolidate the foreclosure action and the actions to quiet title with the guardianship proceeding, and thereupon to assign the consolidated matter to Justice Baily-Schiffman, who had been presiding over the guardianship proceeding. In an order dated September 13, 2012, Justice Baily-Schiffman granted that branch of the guardian’s motion which was for consolidation and, in effect, thereupon granted that branch of the motion which was to assign the consolidated matter to herself.
“A motion to consolidate two or more actions rests within the sound discretion of the trial court” (American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d 620, 622 [2012]; see CPLR 602). “Where common questions of law or fact exist, consolidation is warranted unless the opposing party demonstrates prejudice to a substantial right” (American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d at 622; see Chiacchia v National Westminster Bank, 124 AD2d 626, 628 [1986]).
The Supreme Court improvidently exercised its discretion in granting that branch of the guardian’s motion which was to consolidate the foreclosure action and the actions to quiet title with the guardianship proceeding. Since the guardianship proceeding, which concerned the issue of Joseph’s mental competency, and the foreclosure action and actions to quiet title, which concerned Rite Capital’s mortgage on the property, did not share common questions of law or fact, consolidation would be inappropriate (see Beerman v Morhaim, 17 AD3d 302 [2005]; Village of Mamaroneck v Mamaroneck Affordable Condominium Corp., 13 AD3d 361 [2004]; Matter of Ungar v Feller, 24 Misc 3d 1222[A], 2009 NY Slip Op 51554[U], *9-10 [Sup Ct, Kings County 2009]).
Furthermore, although Rite Capital correctly concedes that the mortgage foreclosure action and the actions to quiet title present common questions of law or fact, it correctly contends that those actions should be joined for trial, rather than consolidated, since certain parties would appear as both the plaintiff and the defendant if the actions were consolidated, and the actions involve certain different defendants (see Mas-Edwards v Ultimate Servs., Inc., 45 AD3d 540, 541 [2007]; *1007 Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 335 [2005]; M & K Computer Corp. v MBS Indus., 271 AD2d 660 [2000]; Cola-Rugg Enters. v Consolidated Edison Co. of N.Y., 109 AD2d 726, 727 [1985]).
Accordingly, that branch of the guardian’s motion which was for consolidation should have been granted only to the extent of directing a joint trial of the foreclosure action and the actions to quiet title. That branch of the motion which was to assign the consolidated matter to Justice Baily-Schiffman must now be denied as academic in light of our determination, and the order dated July 10, 2012, must be vacated (see Gladman v Messuri, 71 AD3d 827, 828 [2010]).
The parties’ remaining contentions are either without merit or not properly before this Court. Skelos, J.E, Dickerson, Lott and Roman, JJ., concur.