█ TROUTMAN SANDERS, LLP, Respondent, v DIANA PARKER, as Executor of GERTRUDE NEUMARK ROTHSCHILD, Deceased, Appellant-Respondent. MAGNUS ESSUNGER, Nonparty Respondent-Appellant. (Action No. 1.) ALBERT JACOBS, LLP, Respondent, v DIANA PARKER, as Executor of GERTRUDE NEUMARK ROTHSCHILD, Deceased, Appellant-Respondent. MAGNUS ESSUNGER, Nonparty Respondent-Appellant. (Action No. 2.) DIANA PARKER, as Executor of GERTRUDE NEUMARK ROTHSCHILD, Deceased, Appellant-Respondent, v TROUTMAN SANDERS, LLP, et al., Respondents. MAGNUS ESSUNGER, Nonparty Respondent-Appellant. (Action No. 3.) [976 NYS2d 109]—

In three related actions, inter alia, to recover unpaid legal fees and damages for breach of fiduciary duty, (1) Diana Parker, as executor of the estate of Gertrude Neumark Rothschild, appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated August 21, 2012, as granted those branches of the motion of Albert Jacobs, LLP, and Albert Jacobs, joined by Troutman Sanders, LLP, which were to "implement" an order of the Supreme Court, New York County (Wooten, J.), dated March 15, 2011, by consolidating the actions under a single index number and amending the caption accordingly, and (2) nonparty Magnus Essunger cross-appeals, purportedly as of right, from stated portions of the same order. By decision and order on motion of this Court dated November 26, 2012, that branch of the motion of nonparty Magnus Essunger which was for leave to appeal from the order dated August 21, 2012, was held in abeyance and was referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion of nonparty Magnus Essunger and the papers filed in opposition thereto, and upon the submission of the appeals, it is,

Ordered that the branch of the motion of nonparty Magnus Essunger which was for leave to appeal from the order dated August 21, 2012, is denied (*see Ciampi v Hofstra Univ.*, 299 AD2d 386 [2002]); and it is further,

Ordered that on the Court's own motion, the cross appeal, purportedly taken as of right, is dismissed; and it is further,

Ordered that the order dated August 21, 2012, is reversed

insofar as appealed from by Diana Parker, as executor of the estate of Gertrude Neumark Rothschild, on the law, and those branches of the motion of Albert Jacobs, LLP, and Albert Jacobs, joined by Troutman Sanders, LLP, to "implement" an order of the Supreme Court, New York County (Wooten, J.), dated March 15, 2011, by consolidating the three actions under a single index number and amending the caption accordingly are denied; and it is further,

Ordered that one bill of costs is awarded to Diana Parker, as executor of the estate of Gertrude Neumark Rothschild, payable by Albert Jacobs, LLP, Albert Jacobs, and Troutman Sanders, LLP.

Troutman Sanders, LLP (hereinafter Troutman), and Albert Jacobs, LLP, commenced separate actions in the Supreme Court, Westchester County, against Gertrude Neumark Rothschild seeking payment of legal fees in connection with certain patent work. In turn, Rothschild commenced a separate action in the Supreme Court, New York County, against Troutman, as well as Albert Jacobs, LLP, and Albert Jacobs (hereinafter together the Jacobs defendants) alleging, inter alia, breach of fiduciary duty and fraudulent billing practices. Following Rothschild's death, Diana Parker was substituted as plaintiff in her capacity as executor of the estate of Gertrude Neumark Rothschild (hereinafter the Estate).

The Jacobs defendants, joined by Troutman, thereafter moved, inter alia, to "implement" an order of the Supreme Court, New York County, dated March 15, 2011, by consolidating the three actions under a single index number and amending the caption accordingly. The Jacobs defendants and Troutman argued that the order dated March 15, 2011, directed a full consolidation of all three actions in the Supreme Court, Westchester County, and thus, there should only be one index number and one caption. The Estate opposed the motion, arguing that the order dated March 15, 2011, only directed that the actions be joined "for the purposes of joint trial and discovery." By order dated August 21, 2012, the Supreme Court, inter alia, granted the aforementioned branches of the Jacobs defendants' motion, joined by Troutman.

We agree with the Estate's contention that a true consolidation, where the captions merge under a single index number, did not occur by virtue of the order dated March 15, 2011. Rather, that order only directed that the actions be joined "for the purposes of joint trial and discovery" (*see* CPLR 602 [a]; *Sample v Temkin*, 87 AD3d 686 [2011]; *Rossignol v Rossignol*, 82 AD3d 1335 [2011]; *Alizio v Perpignano*, 78 AD3d 1087

[2010]). Accordingly, the Supreme Court should not have granted those branches of the Jacobs defendants' motion, joined by Troutman, which were to "implement" the order dated March 15, 2011, by consolidating all three actions under a single index number and amending the caption accordingly. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.