■ MANUEL BERMEJO, Plaintiff, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Defendants, and IBEX CONSTRUCTION, LLC, Defendant/Third-Party Plaintiff-Respondent. MARBLE TECHNIQUES, INC., Third-Party Defendant. (Action No. 1.) MARBLE TECHNIQUES, INC., Plaintiff, v EVEREST NATIONAL INSURANCE CO., Appellant. (Action No. 2.) [20 NYS3d 401]—

In an action, inter alia, to recover damages for personal injuries (action No. 1), and a related action for a judgment declaring that Everest National Insurance Co. is obligated to defend and indemnify Marble Techniques, Inc., in connection with a third-party action commenced in action No. 1 (action No. 2), the defendant in action No. 2, Everest National Insurance Co., appeals from an order of the Supreme Court, Queens County (Hart, J.), entered April 17, 2013, which granted the motion of the defendant/third-party plaintiff in action No. 1, IBEX Construction, LLC, to consolidate action Nos. 1 and 2 to the extent of transferring action No. 2 from IAS Part 12 of that court to IAS Part 18 of that court solely for "purposes of disposition."

Ordered that the order is affirmed, with costs payable by the appellant to the defendant/third-party plaintiff, and the matter is remitted to the Supreme Court, Queens County, before a different Justice, in accordance with *Bermejo v New York City Health & Hosps. Corp.* (135 AD3d 116 [2015]).

The plaintiff in action No. 1, Manuel Bermejo, allegedly sustained injuries when he fell from a scaffold at a construction site located at premises owned by Amsterdam & 76th Associates, LLC (hereinafter Amsterdam). IBEX Construction, LLC (hereafter IBEX), was the general contractor for the subject construction project. IBEX retained a masonry contractor, Marble Techniques, Inc. (hereafter Marble). Bermejo was employed by J.P. Marble & Tile Corp., a nonparty subcontractor, which was hired by Marble to perform specified construction work at the subject premises. Everest National Insurance Co. (hereafter Everest) was Marble's insurance carrier. Bermejo commenced action No. 1 to recover damages for personal injuries against Amsterdam and IBEX, among others. IBEX thereafter commenced a third-party action against Marble. After Everest disclaimed any obligation to defend or indemnify Marble in connection with the third-party action, Marble commenced action No. 2 against Everest, seeking a judgment declaring that Everest was obligated to defend and indemnify

it in connection with the third-party action in action No. 1. Thereafter, IBEX moved to consolidate actions Nos. 1 and 2. The Supreme Court, Queens County, granted the motion only to the extent of transferring action No. 2 from IAS Part 12 of that court to IAS Part 18 of that Court for the purpose of disposition.

Where common questions of law or fact exist, consolidation or a joint trial is warranted, "unless the opposing party demonstrates prejudice to a substantial right" (*American Home Mtge. Servicing, Inc. v Sharrocks*, 92 AD3d 620, 622 [2012]; *see Alizio v Perpignano*, 78 AD3d 1087, 1088 [2010]; *Pierre-Louis v DeLonghi Am., Inc.*, 66 AD3d 855, 856 [2009]; *Glussi v Fortune Brands*, 276 AD2d 586 [2000]). Everest argues that the Supreme Court joined action Nos. 1 and 2 for trial, and that such consolidation was not warranted because the actions do not share common issues of fact or law. Contrary to this contention, the Supreme Court did not join the actions for trial, but merely transferred action No. 2 to the same IAS Part as action No. 1, solely for "purposes of disposition." Given that both actions are related to the same underlying incident, the transfer for this limited purpose was not improper under the circumstances presented here.

Everest's remaining contentions either are not properly before us, are without merit, or need not be addressed in light of the foregoing determination. This matter must be remitted to the Supreme Court, Queens County, before the Justice to be assigned in accordance with our opinion and order in *Bermejo v New York City Health & Hosps. Corp.* (135 AD3d 116 [2015]). Mastro, J.P., Roman, Miller and Maltese, JJ., concur.