Atlantic Ave. Capital, LLC v 980 Atl. Holdings, LLC (2024 NY Slip Op 04754)

Atlantic Ave. Capital, LLC v 980 Atl. Holdings, LLC

2024 NY Slip Op 04754

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-05862
 (Index No. 500917/19)

[*1]Atlantic Avenue Capital, LLC, respondent,
v
980 Atlantic Holdings, LLC, et al., defendants; BLDG Oceanside, LLC, nonparty-appellant.

Kucker Marino Winiarsky & Bittens LLP, New York, NY (Eric R. McAvey, Diane L. Klein, and Christopher S. McCann of counsel), for nonparty-appellant.
Katsky Korins, LLP, New York, NY (Elan R. Dobbs of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty BLDG Oceanside, LLC, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 23, 2022. The order denied that branch of the motion of nonparty BLDG Oceanside, LLC, which was for leave to intervene in the action and denied, as academic, those branches of that nonparty's motion which were to dismiss the complaint, or, in the alternative, for leave to interpose an answer.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, that branch of the motion of nonparty BLDG Oceanside, LLC, which was for leave to intervene in the action is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of those branches of the motion which were to dismiss the complaint, or, in the alternative, for leave to interpose an answer.
Nonparty BLDG Oceanside, LLC (hereinafter BLDG), is the owner of certain commercial property located in Brooklyn (hereinafter the property). In 2014, BLDG entered into a lease agreement with the defendant 980 Atlantic Holdings, LLC (hereinafter 980 Atlantic). In 2016, in order to secure a loan in the sum of $2,700,000, 980 Atlantic executed a note in favor of Prospect Place Capital, LLC (hereinafter Prospect Place). The note was secured by, among other things, a leasehold mortgage on 980 Atlantic's leasehold interest in the property as set forth in the lease agreement (hereinafter the leasehold mortgage). 980 Atlantic allegedly defaulted on its obligations under the note and the leasehold mortgage by failing to make the monthly payments due on September 22, 2017, and thereafter. In December 2018, Prospect Place assigned the leasehold mortgage to the plaintiff Atlantic Avenue Capital, LLC (hereinafter Atlantic Avenue). The following month, Atlantic Avenue commenced this action against 980 Atlantic, among others, to foreclose the leasehold mortgage, without naming BLDG as a defendant.
In February 2019, 980 Atlantic purportedly defaulted on its obligation to pay rent, additional charges, and taxes to BLDG pursuant to the lease agreement. BLDG served 980 Atlantic with a 10-day notice of default and a 10-day notice of termination of the lease agreement in July and August 2020, respectively. At or around the same time, BLDG purportedly served Atlantic Avenue with the same notices, although the parties dispute whether service was proper. In November 2020, [*2]BLDG, allegedly unaware of this foreclosure action, commenced an action against 980 Atlantic, inter alia, for a declaration that BLDG was entitled to immediate possession of the property, for ejectment, and for rental payment arrears. In its complaint, BLDG asserted that it had validly terminated the lease agreement.
In August 2019, Atlantic Avenue moved, inter alia, for an order of reference in this action. On April 8, 2022, the Supreme Court granted Atlantic Avenue's motion, and, among other things, referred the matter to a referee to "report [on] whether or not the mortgaged premises should be sold in parcels." In May 2022, upon learning of the issuance of the order of reference, BLDG moved for leave to intervene in this action and, thereupon, to dismiss the complaint, or, in the alternative, for leave to interpose an answer. In an order dated June 23, 2022, the court denied BLDG's motion, concluding that intervention was not warranted and, thus, denying, as academic, the remaining branches of the motion. BLDG appeals.
"Upon a timely motion, a person is permitted to intervene in an action as of right when, inter alia, 'the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment'" (Global Team Vernon, LLC v Vernon Realty Holding, LLC, 93 AD3d 819, 820, quoting CPLR 1012[a][3]). "[A] person is [also] permitted to intervene in an action as of right" pursuant to CPLR 1012, among other circumstances, "when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" (Wells Fargo Bank, N.A. v Mazzara, 124 AD3d 875, 875, quoting CPLR 1012[a][2]). In addition, "CPLR 1013 provides that a court has discretion to permit a person to intervene, inter alia, when the person's claim or defense and the main action have a common question of law or fact. In exercising its discretion under CPLR 1013, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party" (American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d 620, 621 [citation and internal quotation marks omitted]). "Whether intervention is sought as a matter of right under CPLR 1012(a), or as a matter of discretion under CPLR 1013, is of little practical significance since a timely motion for leave to intervene should be granted, in either event, where the intervenor has a real and substantial interest in the outcome of the proceedings" (Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677).
Under the circumstances presented, the Supreme Court should have granted that branch of BLDG's motion which was for leave to intervene in this action (see American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d at 621; Greenpoint Sav. Bank v McMann Enters., 214 AD2d 647, 647-648). This is an action to foreclose a leasehold mortgage encumbering 980 Atlantic's leasehold interest in the property. The order of reference, however, indicated that the property itself could potentially "be sold in parcels." Although the relevant language merely directed the referee to report on whether the property should be sold in parcels and the parties agree that such directive was a scrivener's error, BLDG should have been granted leave to intervene in this action to address that directive. Moreover, BLDG contends that it validly terminated the lease agreement as to 980 Atlantic and as to Atlantic Avenue, which qualified as a "Protected Leasehold Mortgagee" under the lease agreement. Atlantic Avenue, which contends that the purported termination of the lease agreement was invalid, rejects BLDG's assertion that the purported termination of the lease agreement is a basis to grant BLDG leave to intervene in this action. To the extent BLDG validly terminated the lease agreement in August 2020, Atlantic Avenue contends that "the purchaser of 980 Atlantic's leasehold at [a] foreclosure sale will acquire . . . collateral that no longer exists." This contention, however, militates in favor of granting BLDG leave to intervene based upon the interest of judicial economy, since it would be a waste of time and resources for the parties to litigate the foreclosure of collateral that does not exist (see Wells Fargo Bank, N.A. v Lance, 196 AD3d 535, 536; State of New York v McLeod, 45 AD3d 282, 284; Guma v Guma, 132 AD2d 645, 646). At a minimum, Atlantic Avenue's attempt to foreclose a leasehold interest and BLDG's contention that that same leasehold interest does not exist involve "common question[s] of law or fact" (American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d at 621).
Since those branches of BLDG's motion which were to dismiss the complaint, or, in the alternative, for leave to interpose an answer were denied as academic in light of the denial of that [*3]branch of BLDG's motion which was for leave to intervene in this action, we remit the matter to the Supreme Court, Kings County, for a determination on the merits of those branches of the motion (see Deutsche Bank Natl. Tr. Co. v Khalil, 208 AD3d 555, 558; Singh v Sukhu, 180 AD3d 837, 840-841). Although on appeal the parties have fully briefed the issue of whether the Supreme Court should have granted that branch of BLDG's motion which was to dismiss the complaint and this Court, therefore, could potentially reach that issue in the interest of judicial economy (cf. Sanchez v County of Nassau, 222 AD3d 685, 687), we decline to do so. A determination by this Court with regard to that issue may be relevant to issues raised in BLDG's separate action, which has not been consolidated with this action, and which is not before us on this appeal.
BRATHWAITE NELSON, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court