Efran v Efran

2026 NY Slip Op 02036

April 2, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Beth Efran, etc., Plaintiff-Appellant,

v

Shawn Efran, Defendant-Respondent.

Decided and Entered: April 02, 2026

Index No. 654577/24|Appeal No. 6265|Case No. 2025-06328|

Before: Manzanet-Daniels, J.P., Mendez, Pitt-Burke, Higgitt, Hagler, JJ.

Dorf Nelson & Zauderer LLP, Rye (Jonathan B. Nelson of counsel), for appellant.

Blank Rome LLP, New York (Judith J. Gische and Edward E. Smith of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered August 14, 2025, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(4) and denied plaintiff's motion to vacate a prior order staying the action, unanimously affirmed, without costs.

Plaintiff commenced a divorce proceeding in 2022 seeking dissolution of her marriage to defendant (matrimonial action). In September 2024, defendant was expected to sell a 51% interest in a marital asset, Efran Films Canada (EFC), after which, by court order in the matrimonial action, he was to place 65% of the proceeds in escrow. Shortly before the sale was to close, plaintiff initiated the instant action, purportedly on behalf of Efran Films, Inc. (EFI), another marital asset in which each party is a 50% shareholder, and there are no other shareholders. In this action, plaintiff primarily alleges that defendant had transferred assets from EFI to EFC during the parties' marriage.

The court providently granted defendant's motion to dismiss this action under CPLR 3211(a)(4), as the corporate claims are merely an attempt to litigate, relitigate, or circumvent issues central to the matrimonial action (see Boronow v Boronow, 71 NY2d 284, 290 [1988]; Rossignol v Rossignol, 82 AD3d 1335, 1337 [3d Dept 2011]; cf. Kelley v Galina-Bouquet, Inc., 155 AD2d 96 [1st Dept 1990] [Court denied the defendant-husband's motion to dismiss his plaintiff-wife's separate breach of employment contract action against him and his corporation based on claims, in part, pre-dating the marriage as being unrelated to the issue of equitable distribution in the pending divorce action, which is not the case herein]). The claims in this action were, and continue to be, asserted by plaintiff in the matrimonial action.

Accordingly, to the extent plaintiff argues that the court improvidently stayed this instant action pending determination of the parties' motions, the issue is moot. In any event, the court acted well within its broad discretion to stay the action to ensure the integrity of the matrimonial action given that its claims involve the same parties and operative facts (see 215 W. 84th St Owner LLC v Ozsu, 209 AD3d 401, 401 [1st Dept 2022]).

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 2, 2026