■ LAUREL J. BARTHOLOMEW, Respondent, v TROY HOUSING AUTHORITY, Appellant. [594 NYS2d 374] —Mahoney, J. Appeal from an order of the Supreme Court (Travers, J.), entered May 4, 1992 in Rensselaer County, which denied defendant's motion for summary judgment.

In December 1989, plaintiff sustained injury at defendant's apartment building when, while holding a metal screen door partially open as she attempted to unlock the inside entry door, a gust of wind came up, caught the screen door and propelled it into her. The force of the door knocked plaintiff off the one step entrance landing and onto the ground below, and furnished the occasion for the negligence suit that is at issue in the instant appeal.

As set forth in the single cause of action contained in the complaint and elaborated upon in the bill of particulars, the alleged negligence consisted of defendant's failure to discover and reattach a chain on the storm door designed to restrict its opening, failure to install a railing around the perimeter of the landing and failure to provide an adequately sized landing. Following joinder of issue and the conducting of depositions, defendant moved for summary judgment dismissing the complaint arguing that the evidence adduced at the depositions established, as a matter of law, that none of the alleged negligent acts were the proximate cause of plaintiff's injuries. Supreme Court concluded that triable issues of fact existed with regard to whether attachment of the chain would have prevented plaintiff's fall and denied the motion in its entirety. This appeal by defendant ensued.

We affirm. It is axiomatic that in order to obtain summary judgment, the movant must establish the subject cause of action or defense " ' "sufficiently to warrant the court as a matter of law in directing judgment" in his [or her] favor' " and must do so by tender of evidentiary proof in admissible form (Zuckerman v City of New York, 49 NY2d 557, 562, quoting CPLR 3212 [b]). In our view defendant's submitted proof fails to meet this required evidentiary threshold. The gravamen of defendant's claim for summary judgment is that its negligence was not the proximate cause of plaintiff's injuries; more specifically that based upon a reading of plaintiff's deposition testimony, which revealed that the screen door was open 1½ to 2 feet from the jam before the wind caught it and that she was standing approximately five inches behind it, plaintiff would have been hit by the door even if the chain had been attached because she was located within the normal

range the door would have swung with the chain attached. Defendant, however, submitted no evidence as to what the "normal swinging range" was of this door with the chain attached. Moreover, even assuming that the affidavit submitted by one of defendant's maintenance workers (which stated that he went to the location, stood where plaintiff claimed to have stood and found that the screen door opened unobstructed for "more than a foot" past his body before being restricted by the chain) is sufficient to establish as a matter of law that plaintiff would have been struck even if the chain was attached, plaintiff claimed not only that the door's initial strike caused the fall, but also that the lack of restriction permitted the door to gain velocity and to have sustained contact with her, pushing her outwards and backwards as the force of the wind propelled it along an unrestricted 180 degree path, and that these were substantial factors in causing her to be knocked off the landing. Defendant's papers, however, are bereft of any probative evidence that the lack of a chain would not have resulted in an increase in the force of the door or permitted the sustained contact that plaintiff claims contributed to her fall. Accordingly, it cannot be said with any modicum of certainty, let alone as a matter of law, that the lack of a restricting chain was not a substantial cause of the events which produced plaintiff's injuries. That being the case, summary judgment was, in our view, properly denied.

Weiss, P. J., Levine, Mercure and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.