■ EVELYN SALAS, Individually and as Administrator of the Estate of STEVEN A. ROMERO, Deceased, Respondent, v TOWN OF LAKE LUZERNE, Appellant. [696 NYS2d 314] —Peters, J. Appeal from an order of the Supreme Court (Dier, J.), entered December 1, 1998 in Warren County, which denied defendant's motion for summary judgment dismissing the complaint.

On June 17, 1994, Steven A. Romero (hereinafter decedent) drowned in the Hudson River. He and his friends arrived in the area of Rockwell Falls and the Hadley-Lake Luzerne Bridge in Warren County around noon. Decedent spent the next 2 to 3 hours sitting on a rock ledge with Alana Bader observing the others bodysurfing the rapids; each run was commenced by going underwater beneath the bridge and resurfacing on the south side thereof. Ultimately, decedent decided to try to swim the rapids. There is a dispute as to whether Bader and decedent accessed the river by climbing through a hole in defendant's fence, despite the existence of a no trespassing sign, or by another means. Decedent, an inexperienced swimmer, drowned on his first run.

Plaintiff commenced this action for wrongful death and personal injuries,[1] prompting defendant to move for summary judgment. In addition to challenging the sufficiency of the proffer, plaintiff contended that once defendant erected a fence and posted signs, it had a duty to maintain those items in a reasonable state of repair and, *inter alia*, that it had a duty to warn of a latent dangerous condition which was not readily apparent—the strong undercurrents of the rapids. Adopting plaintiff's reasoning, Supreme Court denied the motion. Defendant appeals.

While we agree with the denial of the motion, we do so for other reasons. It is well settled that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Zuckerman v City of New York*, 49 NY2d 557, 562; *Sillman v*

---

1. The complaint also named the County of Warren as a defendant. By stipulation, however, the action against the County was discontinued.

*Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). It therefore is incumbent upon the proponent to tender sufficient evidentiary proof in admissible form to warrant a judgment in its favor (*see, Zuckerman v City of New York, supra,* at 562; *see, Bartholomew v Troy Hous. Auth.*, 191 AD2d 799; *Wilder v Rensselaer Polytechnic Inst.*, 175 AD2d 534). The failure to make such showing mandates, without further review, a denial of the motion (*see, Winegrad v New York Univ. Med. Ctr., supra,* at 853). In our view, defendant failed to make the requisite showing.

Defendant's motion was supported by the affidavit of its attorney which incorporated by reference copies of the pleadings, the demand and response to the bill of particulars, plaintiff's deposition transcript and copies of statements given to the Warren County Sheriff's Department shortly after the accident. From these documents, counsel culled consistent facts and incorporated legal arguments in support of the motion by reference to its memorandum of law. The proffer concluded with the contention that plaintiff's allegations of negligence failed to demonstrate that there was a duty breached by defendant or that had one been found to exist, decedent's act of bodysurfing the rapids constituted a superceding cause which precluded the imposition of liability.

While counsel's affidavit was properly used to convey the procedural history of this matter, we find that his lack of personal knowledge of the underlying facts, coupled with the proffer of an uncertified death certificate, coroner's report and witness statements to the police, even under a penalty of perjury,[2] cannot constitute a sufficient tender so as to establish an entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp., supra*). As these deficiencies were properly raised at Supreme Court, no waiver can be found (*compare, Sam v Town of Rotterdam*, 248 AD2d 850, 851, *lv denied* 92 NY2d 804). Notably, plaintiff's deposition testimony does not cure this deficiency since she was not a witness to the accident and merely recounted statements given to her by others who were present with decedent at the time of the accident.[3] For these reasons, we decline further review (*see, Alvarez v Prospect Hosp., supra; Winegrad v New York Univ. Med. Ctr., supra*).

---

2. We further note that only one of the two statements were witnessed.

3. While her testimony was relevant to describe what she personally observed when visiting the area where her son drowned, her statements did not cure the lack of proof required to establish a prima facie showing of entitlement to judgment as a matter of law.

Mercure, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.