■ In the Matter of EMPIRE STATE PIPELINE, Appellant, v TOWN OF ARCADIA ASSESSOR et al., Respondents. [705 NYS2d 760] —Order unanimously vacated with costs and motion and cross motion dismissed. Memorandum: Petitioner appeals from an order entered March 15, 1999 granting respondents' motion to dismiss 14 tax certiorari petitions for the year 1994 pursuant to RPTL 718 (2) (d) on the ground that trial notes of issue were not filed within four years from the date of service of each petition and denying petitioner's cross motion to be relieved of dismissal pursuant to RPTL 718. The order must be vacated and the motion and cross motion dismissed.

Petitioner owns property upon which it has constructed a natural gas pipeline, running through property in 14 towns in four counties. Petitioner brought separate tax certiorari proceedings challenging its assessment in each of the towns for the years 1994 through 1997, for a total of 56 proceedings. Respondents moved for consolidation or joint trial of the proceedings, which were originally brought in Wayne, Genesee, Cayuga and Ontario Counties, and petitioner opposed the motion. By order entered June 15, 1998, Supreme Court granted the motion and ordered that the venue for the consolidated proceedings shall be Wayne County. That order was recorded in each County, bore the caption and index number for the 1997 tax certiorari proceeding against the Town of Arcadia Assessor, et al., and recited that a motion had been made for consolidation of 56 RPTL article 7 proceedings itemized on an attached exhibit. No appeal was taken from that order.

On November 6, 1998, respondents moved to dismiss the "1994-1995" petitions on the ground that trial notes of issue had not been filed within four years from the date of commencement of the proceedings as required by RPTL 718 (2) (d). In opposing the motion, petitioner argued that, based on respondents' motion and over its objection, the original 56 proceedings had been consolidated under the 1997 proceeding against the Town of Arcadia and that, as a result, there is now a single

1997 proceeding in existence. We agree. "Consolidation is the merging of various [proceedings] into one [proceeding], which takes on one caption and culminates in one judgment" (*Matter of Associated Blind Hous. Dev. Corp. v State of N. Y. Dept. of Pub. Serv.*, 142 AD2d 825, 827). Venue of a proceeding is changed when proceedings are consolidated, but not when a joint trial is ordered (*see, Barch v Avco Corp.*, 30 AD2d 241).

In granting respondents' motion and dismissing the 1994 petitions and denying petitioner's cross motion for relief from dismissal under RPTL 718, the court in a letter decision stated that the order of June 15, 1998 provided for a joint trial and did not merge the various petitions into a single proceeding or create a new proceeding.

The June 15th order, however, in fact ordered consolidation, and the court lacks the power to correct an error of substance in a prior order even upon a motion under CPLR 5019 (*see, Bolger v Davis*, 127 AD2d 979). Thus, because there is a single consolidated 1997 proceeding and the 1994 petitions no longer have separate existence, respondents' motion to dismiss the 1994 petitions pursuant to RPTL 718 (2) (d) and petitioner's cross motion to be relieved of dismissal should have been dismissed.

We note that this result is contrary to the intent of RPTL 718 to reduce the uncertainty of financial planning for governmental units dependent upon real property taxes caused by delay in resolving assessment disputes. The parties sought to be protected, however, include respondent towns, and their successful motion caused the situation in which they find themselves. They may not be heard to contend otherwise. (Appeals from Order of Supreme Court, Wayne County, Kehoe, J.—RPTL.) Present—Pigott, Jr., P. J., Pine, Wisner and Hurlbutt, JJ.