██ In the Matter of NORTH POLE RESORTS, INC., Respondent, v BOARD OF ASSESSORS OF THE TOWN OF WILMINGTON, Appellant. [787 NYS2d 477]—

Peters, J. Appeal from an order of the Supreme Court (Dawson, J.), entered November 13, 2003 in Essex County, which, in a proceeding pursuant to RPTL article 7, denied respondent's motion to dismiss the petition for failure to file a timely note of issue.

On July 27, 1999, petitioner commenced this tax certiorari proceeding challenging the assessment of its property known as North Pole Resorts, located in the Town of Wilmington, Essex County. Petitioner filed a note of issue and certificate of readiness on July 30, 2003, and provided respondent with a verified net income statement sometime between July 29, 2003 and July 31, 2003. In August 2003, respondent moved to strike the note of issue and certificate of readiness due to petitioner's failure to comply with 22 NYCRR 202.59 (b) and (d). It also moved to dismiss the petition for failure to file a note of issue within the four-year time period of RPTL 718 (1). Supreme Court denied the motion and respondent appeals.

We reverse. If a petitioner does not file a note of issue within four years of the commencement of a tax certiorari proceeding, it will be deemed abandoned and an order for its dismissal entered unless the parties stipulate to extend the time or an order is issued authorizing an extension within such four-year period (*see* RPTL 718 [2] [d]; *Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland*, 302 AD2d 826, 827

[2003], *lv denied* 100 NY2d 504 [2003]; *see also Matter of Sullivan La Farge v Town of Mamakating*, 94 NY2d 802, 803-804 [1999]). This provision is "rigidly interpreted" (*Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland, supra* at 827) and will apply " 'irrespective of any and all circumstances' " (*Matter of Waldbaum's No. 122 v Board of Assessors of City of Mt. Vernon*, 58 NY2d 818, 820 [1983], quoting *Marco v Sachs*, 10 NY2d 542, 550 [1962]).

Since a proceeding under RPTL article 7 is commenced by the *filing* of a petition (*see* CPLR 304) and this record indicates that the note of issue was filed more than four years after the commencement of the proceeding (*see* RPTL 704 [1]; CPLR 304), the petition should have been dismissed because the parties never extended the time and petitioner did not obtain a court order to avoid its dismissal (*see* RPTL 718 [2] [d]; *Matter of Santa's Workshop v Board of Assessors of Town of Wilmington*, 13 AD3d 1047 [2004] [decided herewith]). In reaching this determination, we need not address respondent's remaining contentions.

Mercure, J.P., Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and petition dismissed.