■ In the Matter of SANTA'S WORKSHOP, INC., Respondent, v BOARD OF ASSESSORS OF THE TOWN OF WILMINGTON, Appellant. [787 NYS2d 478]—

Peters, J. Appeal from an order of the Supreme Court (Dawson, J.), entered November 13, 2003 in Essex County, which, in a proceeding pursuant to RPTL article 7, denied respondent's motion to dismiss the petition for failure to file a timely note of issue.

On July 27, 1999, petitioner commenced this tax certiorari proceeding, alleging that respondent overassessed its property known as Santa's Workshop, located in the Town of Wilmington, Essex County. On July 30, 2003, petitioner filed a note of issue and certificate of readiness and provided its net income statement by July 29, 2003. Respondent moved to strike the note of issue and certificate of readiness due to petitioner's failure to comply with 22 NYCRR 202.59 (b) and (d), and for an order dismissing the proceeding on the ground that the note of issue was not timely filed (*see* RPTL 718 [1]). Supreme Court denied the motion and respondent appeals.

We reverse. Except where the parties otherwise stipulate or a court or judge otherwise orders an extension of time, a note of issue must be filed within four years of the commencement of a tax certiorari proceeding or it "shall be deemed to have been abandoned and an order dismissing the petition shall be entered" (RPTL 718 [2] [d]). The four-year filing requirement is a "mandatory provision and must be strictly applied" (*Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland*, 302 AD2d 826, 829 [2003], *lv denied* 100 NY2d 504 [2003]; *see Matter of Sullivan La Farge v Town of Mamakating*, 94 NY2d 802, 803-804 [1999]).

With this proceeding commenced on July 27, 1999 by its filing with the clerk of the court (*see* CPLR 304), and the note of issue filed on July 30, 2003, more than four years after the commencement of the proceeding, the petition should have been dismissed since the record fails to indicate that the parties stipulated to an extension or that a court order was issued to avoid its dismissal (*see* RPTL 718 [2] [d]; *Matter of North Pole Resorts v Board of Assessors of Town of Wilmington*, 13 AD3d 1046 [2004] [decided herewith]). For these reasons, we need not address respondent's remaining contentions.

Mercure, J.P., Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and petition dismissed.