■ KIM M. JOHNSTONE-MANN et al., Appellants, v JULIE M. STOUT et al., Respondents. (Action No. 1.) JULIE M. STOUT, Respondent, v KIM JOHNSTONE-MANN, Defendant. (Action No. 2.) [882 NYS2d 609]—

Appeal from an order of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered July 28, 2008. The order granted the motion of defendants Julie M. Stout and Richard D. Stout seeking a joint trial of action Nos. 1 and 2 and seeking to bifurcate the trial.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking to bifurcate the trial and as modified the order is affirmed without costs.

Memorandum: In action No. 1, the plaintiffs seek damages for injuries sustained by Kim M. Johnstone-Mann when the vehicle she was driving collided with a vehicle driven by Julie M. Stout, a defendant in action No. 1. Julie Stout in turn commenced action No. 2 against Johnstone-Mann, seeking damages arising from the same collision. Supreme Court did not abuse its discretion in granting that part of the motion of the

defendants in action No. 1 and the plaintiff in action No. 2 seeking a joint trial of the two actions (*see generally Nationwide Assoc. v Targee St. Internal Med. Group, P.C. Profit Sharing Trust*, 286 AD2d 717, 718 [2001]). "Absent a showing of prejudice, a motion . . . for a joint trial pursuant to CPLR 602 (a) should be granted where common questions of law or fact exist" (*Spector v Zuckermann*, 287 AD2d 704, 706 [2001]). We conclude, however, that the court erred in granting that part of the motion seeking to bifurcate the trial. " 'Separate trials on the issues of liability and damage[s] should not be held where the nature of the injuries has an important bearing on the issue of liability' " (*Fox v Frometa*, 43 AD3d 1432 [2007]). Here, evidence of the injuries and resulting amnesia sustained by Julie Stout is " 'necessary for the . . . purpose of allowing the [trier of fact] to consider whether [she] should be held to a lesser degree of proof' on the issue of liability" (*id.; see Schwartz v Binder*, 91 AD2d 660 [1982]). We therefore modify the order accordingly. Present—Hurlbutt, J.P., Centra, Peradotto, Carni and Gorski, JJ.