Rose, J.
Appeal from an order of the Supreme Court (Lambert, J.), entered March 14, 2013 in Delaware County, which denied plaintiffs motion for summary judgment.
Plaintiff commenced this action pursuant to RPAPL article 15 claiming title to a parcel of real property in the Town of Sidney, Delaware County, and seeking to eject defendants from their use of the parcel. Defendants answered the complaint by denying plaintiffs ownership and admitting their own claim of interest and use of the disputed parcel. After discovery, plaintiff moved for summary judgment, asserting that it owned the parcel pursuant to Town Law § 291 (1) because there are at least two fenced burial plots within it and it has been used as a burial ground in excess of 14 years. Supreme Court, finding triable issues of fact as to whether defendants took title to the parcel by adverse possession, denied the motion. Plaintiff appeals.
We affirm, but on different grounds, as plaintiff has failed to establish its prima facie entitlement to summary judgment with proof supporting its claim of ownership of the disputed parcel. Town Law § 291 (1) provides, as relevant here, that “title to every lot or piece of land which shall have been used by the inhabitants of any town in this state as a cemetery or burial ground for the space of [14] years shall be deemed to be vested in such town.” The assertions by plaintiffs counsel that a Civil War veteran is buried on the parcel, seven or eight gravestones are located there and it has been used as a burial ground for more than 14 years, without any evidence that such use has been by plaintiffs inhabitants, do not satisfy the requirements of the statute. Further, the bare statements in counsel’s affidavit that the land was donated in the 1800s and that the cemetery was abandoned by its owner over 14 years ago lack any specificity or evidentiary support and do not establish that title to the cemetery vested in plaintiff pursuant to Town Law § 291 (1). Moreover, the affidavit from plaintiffs Highway Superintendent that plaintiff has mowed grass and repaired fences at the cemetery since 1997, without more, does not establish ownership, as plaintiff is required to perform such tasks for cemeteries located within its borders even though it may not own them *1221 (see Town Law § 291 [1]; see also 1974 Ops Atty Gen 100). Likewise, the affidavits indicating that some unidentified persons annually placed flags at the gravesite of one or more veterans buried in the cemetery are insufficient to meet plaintiffs burden. In the absence of evidentiary facts establishing plaintiffs ownership interest in the disputed parcel, plaintiffs initial prima facie burden has not been met and we need not consider whether the evidence submitted by defendants was sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Salas v Town of Lake Luzerne, 265 AD2d 770, 770-771 [1999]).
Lahtinen, J.E, Stein and Garry, JJ, concur.
Ordered that the order is affirmed, with costs.