# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 7, 2016                    520459
_____

EDWARD KORN,

                    Respondent,

        v

ROBERT B. KORN,

                    Appellant,
                    et al.,
                    Defendants.

(Action No. 1.)
_____

ROSS WASSERMANN et al.,                    MEMORANDUM AND ORDER

                    Respondents,

        v

ROBERT KORN JR.,

                    Appellant,

        and

EDWARD KORN,

                    Respondent,
                    et al.,
                    Defendant.

(Action No. 2.)
_____


Calendar Date:  November 23, 2015

Before:  Peters, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.

                    _____


        Law Offices of John Seebold, Schenectady (John R. Seebold
of counsel), for appellant.

        Michael L. Breen, Middleburgh, for Edward Korn, respondent.

Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Justin W. Gray of counsel), for Ross Wassermann and others, respondents.

_____

Peters, P.J.

Appeal from an order of the Supreme Court (Connolly, J.), entered October 6, 2014 in Schoharie County, which, among other things, in action No. 2, granted plaintiffs' motion for summary judgment.

These actions concern five parcels of real property located on neighboring lots in the Village of Sharon Springs, Schoharie County.  Parcels I and II are owned as tenants in common by the estate of Hannah Wassermann, the estate of Robert Korn and defendant Miriam Rothenberg.  Parcels III, IV and V are owned as tenants in common by Rothenberg and the estate of Robert Korn. Hannah Wassermann and her husband, Felix Wassermann, were survived by their three sons, Ross Wassermann, Joel Wassermann and Eric Wassermann (hereinafter referred to collectively as the Wassermanns).  Robert Korn and his wife, Edith Korn, were survived by their two sons, defendant Robert Korn Jr. (hereinafter defendant) and Edward Korn.

In October 2008, Edward Korn commenced action No. 1 pursuant to RPAPL article 9 requesting that all five parcels be partitioned.  Several years later, the Wassermanns commenced action No. 2 seeking a partition of parcels I and II. Thereafter, the Wassermanns moved for summary judgment in their favor in action No. 2 and to consolidate the two actions pursuant to CPLR 602 (a).  Supreme Court granted the motion, and defendant now appeals.

We first address defendant's contention that Supreme Court abused its discretion in consolidating the two actions.  In the order appealed from, Supreme Court left each of the actions intact and did not merge them into a single action under a single caption.  Thus, the court did not effectuate a true consolidation of the actions, but rather joined the actions for trial (see

Troutman Sanders, LLP v Parker, 111 AD3d 924, 925 [2013]; Alizio v Perpignano, 78 AD3d 1087, 1087-1088 [2010]; Matter of Associated Blind Hous. Dev. Corp. v State of N.Y. Dept. of Pub. Serv., 142 AD2d 825, 827 [1988]).[1]  "When there are common questions of law or fact, a joint trial is warranted unless the opposing party demonstrates prejudice to a substantial right" (Alizio v Perpignano, 78 AD3d at 1088 [citations omitted]; see CPLR 602 [a]; Johnstone-Mann v Stout, 63 AD3d 1713, 1714 [2009]).

Here, the actions plainly involve common questions of law and fact.  Action No. 2 concerns two parcels of land that are also at issue in action No. 1, and both Rothenberg and Robert Korn's estate have an interest in all five parcels.  Further, in both actions it will be necessary to determine the ownership rights claimed by the Wassermanns, defendant and Edward Korn. Despite defendant's suggestion to the contrary, each and every factual and legal issue need not be common to the actions (see Kupferschmid v Hennessy, 221 AD2d 225, 226-227 [1995]; Harby Assoc. v Seaboyer, 82 AD2d 992, 993 [1981]).  As defendant failed to demonstrate that a substantial right would be prejudiced by a joint trial, the interest of justice and judicial economy would best be served by a joint trial (see Cusumano v Cusumano, 114 AD3d 633, 634 [2014]; Matter of Powers v De Groodt, 43 AD3d 509, 512 [2007]).

We do, however, agree with defendant that Supreme Court erred in awarding the Wassermanns summary judgment in action No. 2.  RPAPL 901 limits the persons who may maintain an action for partition to those specifically enumerated in the statute.  As relevant here, a partition action may be brought by one who is entitled to ownership of property as a tenant in common by reason of being an heir of a decedent who died while in possession of

---

[1]  Because these actions were not truly consolidated, we are not confronted with a situation where a party would appear as both a plaintiff and a defendant in the underlying action (see Matter of Joseph J., 106 AD3d 1004, 1006-1007 [2013]; Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 335 [2005]; M & K Computer Corp. v MBS Indus., 271 AD2d 660, 660 [2000]).

said property, regardless of whether he or she has possession of the property (see RPAPL 901 [3]).  The executor of an estate that has joint ownership of real property can also bring an action for partition, provided that approval to do so is obtained from Surrogate's Court (see RPAPL 901 [4]; see also SCPA 1901 [2] [i]).  To prevail on their motion, the Wassermanns were required to establish their entitlement to judgment as a matter of law by "tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see CPLR 3212 [b]; Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]).

In support of their motion, the Wassermans failed to submit a copy of Hannah Wassermann's will or proffer any evidence beyond their own unsubstantiated allegations to establish that they have an interest in parcels I and II as Hannah Wassermann's heirs (compare Cadle Co. v Calcador, 85 AD3d 700, 702 [2011]; Arata v Behling, 57 AD3d 925, 926 [2008]; Dalmacy v Joseph, 297 AD2d 329, 330 [2002]).  The affidavits of the Wassermans' attorney, who had no personal knowledge of the operative facts, were likewise without evidentiary value (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384 [2005]; Zuckerman v City of New York, 49 NY2d 557, 563 [1980]).  Further, although Ross Wassermann commenced this partition action, in part, in his capacity as executor of Hannah Wassermann's estate, there has been no showing — nor even an allegation — that he obtained approval from Surrogate's Court to do so (see RPAPL 901 [4]; Hor v Hor, 32 Misc 3d 1211[A], 2011 NY Slip Op 51250[U] [Sup Ct, Queens County 2011]; compare Morris v Adams, 82 AD3d 946, 946 [2011], lv denied 17 NY3d 715 [2011]).  In the absence of evidentiary facts establishing the Wassermanns' right to maintain action No. 2, their initial prima facie burden has not been met and we need not consider whether the evidence submitted by defendant was sufficient to raise a triable issue of fact (see Town of Sidney v Scutt, 117 AD3d 1220, 1220-1221 [2014]; Salas v Town of Lake Luzerne, 265 AD2d 770, 770-771 [1999]).

McCarthy, Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for summary judgment in action No. 2; said motion denied; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court