Matter of Consolidated Edison Co. of N.Y., Inc. v New York State Bd. of Real Prop. Servs. (2019 NY Slip Op 07663)





Matter of Consolidated Edison Co. of N.Y., Inc. v New York State Bd. of Real Prop. Servs.


2019 NY Slip Op 07663


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

527491

[*1]In the Matter of Consolidated Edison Company of New York, Inc., Appellant,
v
New York State Board of Real Property Services et al., Respondents. (And Three Other Related Proceedings.)

Calendar Date: September 10, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Shearman & Sterling LLP, New York City (Paula Howell Anderson of counsel), for appellant.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for New York State Board of Real Property Services, respondent.
Zachary W. Carter, Corporation Counsel, New York City (Philip M. Caal of counsel), for City of New York, respondent.



Garry, P.J.
Appeal from an order of the Supreme Court (Walsh, J.), entered March 12, 2018 in Albany County, which, in four proceedings pursuant to RPTL article 7, granted respondents' motions to dismiss the petitions.
Petitioner, a public utility corporation, owns utility lines, mains, tanks and other equipment and structures that constitute special franchise property for tax purposes (see RPTL 102 [12] [h]; [17]). As required by the Real Property Tax Law, respondent State Board of Real Property Services (hereinafter the Board)[FN1] certified the tentative full value of petitioner's special franchise property in New York City for each of the tax years 2009, 2010, 2011 and 2012 and, upon petitioner's complaints, certified the property's final full value for each of the specified years (see RPTL 202 [1] [a]; 600 [1]; 614). Thereafter, respondent City of New York used the certified full values to determine the assessments of the special franchise property for those years and imposed taxes based upon these assessments. In August 2009, August 2010, September 2011 and July 2012, petitioner commenced separate proceedings pursuant to RPTL article 7 challenging the valuation and assessment of its special franchise property for each of the specified years.[FN2] Each proceeding was assigned to Supreme Court (M. Lynch, J.).
In 2010, Supreme Court issued scheduling orders that, among other things, required petitioner to file notes of issue for the 2009 proceeding in February 2012 and for the 2010 proceeding in February 2013. In July 2012, the court issued an order that "consolidated [the 2009, 2010 and 2011 proceedings] for purposes of scheduling and trial, on consent" and, among other things, required petitioner to file a note of issue by September 10, 2013. In February 2013, the court issued an order providing that the 2012 proceeding was "consolidated with the 2009, 2010 and 2011 proceedings, previously consolidated for purposes of scheduling and trial, on consent" and continued the schedule previously established. Thereafter, in June 2013, the court issued an order providing that "the anticipated 2013 proceeding will be consolidated with the [2009, 2010, 2011 and 2012] proceedings for purposes of scheduling a trial, on consent."[FN3] The letter order further provided that "the requirements of RPTL 718, with respect to the filing of a [n]ote of [i]ssue within four (4) years of the date of the commencement, [are] waived with respect to the 2009 proceeding." In addition to other scheduled deadlines, this order required petitioner to file a note of issue by March 31, 2014. In February 2014, the court issued an order adjusting the previous schedule by setting deadlines for certain motions and disclosure obligations on various dates between February 2014 and May 2014. This order provided that "[t]he deadline for filing appraisals will be determined at a later date." This order neither mentioned the note of issue deadline previously set for March 2014, nor set a new deadline.
In April 2014, Justice Lynch was appointed to the Appellate Division. These proceedings were reassigned to Supreme Court (Platkin, J.); a status conference was conducted in October 2014, but no new scheduling order was issued. The proceedings were thereafter again reassigned to Supreme Court (Walsh, J.), and a scheduling conference followed in August 2016. In September 2016, the court signed and so-ordered a proposed letter order submitted by the Board that, among other things, provided a schedule for the parties' exchange of appraisals and status reports, and stated that nothing in the order limited respondents' rights to move for dismissal of any of the proceedings pursuant to RPTL 718. Pursuant to the schedule, petitioner thereafter submitted a draft appraisal report. Respondents obtained extensions to submit a status report. Instead of doing so, the Board moved in February 2017 for dismissal of the 2009, 2010, 2011 and 2012 proceedings based upon petitioner's failure to file notes of issue within four years of each proceeding's commencement. In March 2017, the City moved for dismissal on the same basis. The court granted the motions and dismissed the four petitions. Petitioner appeals.
A taxpayer must file a note of issue within four years of the date of commencement of a proceeding to review a tax assessment or "the proceeding shall be deemed to have been abandoned and an order dismissing the petition shall be entered without notice and such order shall constitute a final adjudication of all issues raised in the proceeding, except where the parties otherwise stipulate or a court or judge otherwise orders on good cause shown within such four-year period" (RPTL 718 [2] [d]). "The four-year filing requirement is a 'mandatory provision and must be strictly applied'" (Matter of Santa's Workshop, Inc. v Board of Assessors of Town of Wilmington, 13 AD3d 1047, 1048 [2004], quoting Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland, 302 AD2d 826, 829 [2003], lv denied 100 NY2d 504 [2003]). The Court of Appeals has held that the statute's "wording and its legislative history demonstrate the intention . . . to have the rule rigidly applied irrespective of any and all circumstances" (Matter of Waldbaum's #122 v Board of Assessors of City of Mount Vernon, 58 NY2d 818, 820 [1983] [internal quotation marks and citation omitted]; see Matter of Sullivan LaFarge v Town of Mamakating, 94 NY2d 802, 803-804 [1999]; Matter of North Pole Resorts, Inc. v Board of Assessors of Town of Wilmington, 13 AD3d 1046, 1047 [2004]). Here, the latest statutory deadline among the four proceedings — that is, the deadline for the 2012 proceeding — fell in July 2016.[FN4] That date, as well as the statutory deadlines for the earlier proceedings and the court-ordered deadline in March 2014, had passed well before respondents filed their motions for dismissal in February and March 2017. Petitioner had neither filed a note of issue, nor sought an order granting an extension in any of the proceedings.
We reject petitioner's argument that the statutory deadline for the 2013 proceeding — which fell after respondents' motions, in July 2017 — should be considered the operative note of issue deadline for the four earlier proceedings on the ground that the 2013 proceeding had been consolidated with the earlier proceedings under the June 2013 order (compare Matter of Empire State Pipeline v Town of Arcadia Assessor, 270 AD2d 830, 830-831 [2000]). RPTL 710 provides that, when appropriate, a court may "consolidate or order to be tried together" separate proceedings to review property tax assessments (see CPLR 602).[FN5] The term "consolidation" is often used colloquially by courts and litigants to refer to both joinder for trial and true consolidation (see Padilla v Greyhound Lines, 29 AD2d 495, 497 [1968]; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C602:2 at 319 [2006 ed]), but the two mechanisms are distinct and have different effects. "Joint trial, like consolidation, puts two or more actions together, but with joint trial, the actions maintain their separate identities. With consolidation, there is a total fusion of the actions" (Siegel, NY Prac § 127 at 257 [6th ed 2018]; see Korn v Korn, 135 AD3d 1023, 1023-1024 [2016]). As the terminology used does not necessarily determine whether joinder for trial or a true consolidation has occurred, "the nature of the so called 'consolidation'" must be examined (3-602 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 602.02).
Supreme Court (M. Lynch, J.) used the term "consolidated" rather than "joined" in its orders, but also consistently qualified that term with additional language such as "for purposes of scheduling and trial." Such limiting language would not have been necessary if the court had intended "[a] true, organic consolidation," which would have merged the proceedings for all purposes (Rossignol v Rossignol, 82 AD3d 1335, 1336 [2011]; see Siegel, NY Prac § 128 at 260 [6th ed 2018]). Likewise, if the court had intended a full consolidation, there would have been no reason to specify in its June 2013 order that the statutory deadline for filing a note of issue was "waived with respect to the 2009 proceeding," as that proceeding would "no longer have [had] separate existence" (Matter of Empire State Pipeline v Town of Arcadia Assessor, 270 AD2d at 831). Moreover, when a true consolidation takes place, the merged proceedings become "one [proceeding], which takes on one caption and culminates in one judgment" (Matter of Associated Blind Hous. Dev. Corp. v State of N.Y. Dept. of Pub. Serv., 142 AD2d 825, 827 [1988]; accord Matter of Empire State Pipeline v Town of Arcadia Assessor, 270 AD2d at 831). Here, after issuing its consolidation orders, the court continued to identify the proceedings by their individual index numbers and to discuss them separately when necessary, as with the previously-noted reference to the 2009 proceeding in the June 2013 order. Notably, petitioner itself has not treated the 2013 proceeding as though it had been completely merged with the previous proceedings, as shown by the express exclusion of that proceeding from this appeal.[FN6]
We thus find that the plain language of Supreme Court's orders indicates an intention to join the proceedings for purposes of scheduling and trial under a uniform schedule, while retaining their separate identities, but not a full consolidation or merger of all of the proceedings into one single proceeding (see Troutman Sanders, LLP v Parker, 111 AD3d 924, 925-926 [2013]). Accordingly, contrary to petitioner's arguments, the note of issue deadline for the 2013 proceeding does not govern the earlier proceedings, and the provision in the June 2013 order that the four-year requirement of RPTL 718 was "waived with respect to the 2009 proceeding" did not have the effect of also waiving those requirements for the other proceedings. Further, as the order set a new note of issue deadline in March 2014, we reject petitioner's alternative argument that this provision was intended to waive any note of issue deadline for the 2009 proceeding altogether. Assuming without deciding that RPTL 718 permits such a complete waiver, nothing in the court's previous orders — which reflected close supervision of the proceedings and established tight schedules for their progress — reveals such an intention. Instead, the waiver provision in the June 2013 order was plainly intended to permit the 2009 proceeding to be tried jointly with the other proceedings under the established uniform schedule, while avoiding the statutory note of issue deadline which was then approaching for that proceeding alone.
The same intention to maintain a uniform schedule and assure a steady progression of the four joined proceedings is reflected in Supreme Court's February 2014 order, which established a schedule within the next several months for disclosure and motions and provided that "[t]he deadline for filing appraisals [would] be determined at a later date." Although the order included no express provisions pertaining to notes of issue, by necessary implication, the court must have intended to postpone the March 2014 deadline that it had previously established, as the dates in the new schedule extended past that deadline.[FN7] Nevertheless, the order did not specify a new note of issue deadline, nor did it provide that the statutory note of issue deadlines in the 2010, 2011 or 2012 proceedings, which had not yet been reached, were extended. Accordingly, it cannot be read to waive or eliminate those deadlines.
Petitioner asserts that respondents were responsible for earlier delays in the proceedings but fails to offer any explanation for the lack of activity in the proceedings after April 2014. During that time period, petitioner neither sought clarification of the status of the previously-set schedule from either assigned judge nor moved for extensions of the statutory deadlines for the individual proceedings — all of which had expired by the time of the conference held in August 2016. There is no assertion that anything prevented petitioner from seeking relief from the statutory deadlines before they elapsed. No agreement or assurance from respondents' counsel as to extending the deadlines was reduced to writing or entered into in open court. Respondents deny that they made any such representations, and petitioner has not otherwise made any showing that such an agreement "was in fact made" (Bates Real Estate v Marquette Land Co., 93 AD2d 939, 939 [1983] [internal quotation marks and citation omitted]; see CPLR 2104).[FN8]
Petitioner argues that, as respondents have shown no prejudice, this Court should permit the proceedings to go forward as a matter of equity, noting that the Court of Appeals has held that "the Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer's right to have his [or her] assessment reviewed should not be defeated by a technicality" (Matter of Great E. Mall v Condon, 36 NY2d 544, 548 [1975] [internal quotation marks, brackets and citation omitted]). The cited decision, however, involved a pleading defect rather than a statutory time limitation and, more significantly, was decided before the provision at issue here was enacted in 1976 (see L 1976, ch 428). The purpose of that enactment was to "restore the four[-]year limitation for judicial proceedings to review tax assessments after [the] repeal [of a previous four-year limitation] in 1966 led to the frequent pyramiding of several years of assessment review proceedings on the same parcel of land. As the legislative history notes, while such pyramiding was convenient and less costly to petitioners, it added congestion to court calendars and proved fiscally onerous for the taxing municipalities" (Matter of Sullivan LaFarge v Town of Mamakating, 94 NY2d at 804 [internal quotation marks and citation omitted]; see Matter of Waldbaum's #122 v Board of Assessors of City of Mount Vernon, 58 NY2d at 819-820; Matter of Empire State Pipeline v Town of Arcadia Assessor, 270 AD2d at 831). Accordingly, the liberal construction and preference for deciding matters on the merits that is generally afforded to the Tax Law does not apply to RPTL 718 (see Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland, 302 AD2d at 829).
Notably, the legislative purposes of RPTL 718 are directly implicated here. Not only does this matter involve four "pyramided" tax assessment review proceedings that were still pending in 2017 — some eight years after the earliest proceeding was commenced — but the September 2016 order reveals that four additional proceedings had also been commenced by that time, with index numbers for the years 2013, 2014, 2015 and 2016 (see Matter of Sullivan LaFarge v Town of Mamakating, 94 NY2d at 804). As previously noted, the four-year time limitation of RPTL 718 is mandatory and must be "rigidly interpreted" without regard to the surrounding circumstances (Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland, 302 AD2d at 827-828; accord Matter of North Pole Resorts, Inc. v Board of Assessors of Town of Wilmington, 13 AD3d at 1047). This requirement is not altered by the parties' exchange of appraisal reports and other such activities after the expiration of the statutory deadlines (see Matter of Waldbaum's #122 v Board of Assessors of City of Mount Vernon, 58 NY2d at 820).
In view of petitioner's failure to file notes of issue within the time limitations established by RPTL 718 (d) (2) or to obtain a stipulation or court order extending the time periods before they elapsed, Supreme Court (Walsh, J.) properly dismissed the 2009, 2010, 2011 and 2012 proceedings (see Matter of Sullivan LaFarge v Town of Mamakating, 94 NY2d at 804; Matter of Santa's Workshop, Inc. v Board of Assessors of Town of Wilmington, 13 AD3d at 1048; Matter of North Pole Resorts, Inc. v Board of Assessors of Town of Wilmington, 13 AD3d at 1047; Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland, 302 AD2d at 829).
Clark, Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: In 2010, the State Board of Real Property Services was renamed the State Board of Real Property Tax Services (L 2010, ch 56, pt W, § 4-a).

Footnote 2: The proceedings were originally commenced against the Board, and the City was later permitted to intervene by stipulation.

Footnote 3: In July 2013, petitioner commenced a proceeding challenging the assessment of its special franchise property for the tax year 2013; that proceeding is not part of this appeal.

Footnote 4: The deadlines imposed by RPTL 718 for the 2009, 2010 and 2011 proceedings fell, respectively, in August 2013, August 2014 and September 2015.

Footnote 5: We note that RPTL 710 permits consolidation or joinder of proceedings that are "pending" before a court, and that the 2013 proceeding had not been commenced and thus was not yet pending when the June 2013 order was issued. For the purpose of this analysis, we will assume without deciding that the consolidation of pending proceedings with a proceeding that has not yet been commenced is permissible under RPTL 710 and CPLR 602.

Footnote 6: As an addendum to its brief, the Board submitted a stipulation executed by the parties in June 2017 that extended the note of issue deadline for the 2013 proceeding beyond the statutory deadline and provided that the extension applied only to the 2013 proceeding.

Footnote 7: As pertinent here, a note of issue may not be filed in a tax assessment review proceeding until after disclosure is complete (see 22 NYCRR 202.59 [d] [1]), and 22 NYCRR 202.59 (e) (1) (i) contemplates that appraisal reports will be exchanged in such proceedings after the note of issue has been filed.

Footnote 8: According to petitioner's account, respondents' counsel made this representation at a June 2013 conference, and Supreme Court (M. Lynch, J.) then incorporated it into the June 2013 order by including the provision that waived the statutory deadline for the 2009 proceeding. Notably, although petitioner now asserts that this waiver applied to all four proceedings, it did not then object to the language limiting it to the 2009 proceeding.